J-S11009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN JONES, | : | |
| | : | |
| Appellant | : | No. 3557 EDA 2017 |
| | : | |

Appeal from the PCRA Order October 5, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0001003-1999

BEFORE: OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.: **FILED SEPTEMBER 12, 2018**

Kevin Jones, *pro se*, appeals the order of the Court of Common Pleas of Montgomery County, entered October 5, 2017, that denied his third petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

> [Jones] is presently serving a sentence of life imprisonment without the possibility of parole upon his [jury trial] convictions for first degree murder, 18 Pa.C.S.A. § 2502(a), possessing instruments of crime, 18 Pa.C.S.A. § 907, firearms not to be carried without a license, 18 Pa.C.S.A. § 6106, and unsworn falsification to authorities, 18 Pa.C.S.A. § 4904. [Jones] was convicted upon the Commonwealth's evidence that [he] snuck up from behind the victim[, Kevin Cornish,] and shot him five times in the back and then two times as the victim lay on the ground.

PCRA Court Opinion, 11/9/2017, at 1. During trial, Jones testified that he believed Cornish "looked like one of the guys that [had] robbed" him at gunpoint on the night before the murder. N.T., 11/8/1999, at 67; ***see also***

---

[1] 42 Pa.C.S. §§ 9541–9546.

*id.* at 16-19.  He continued that he "was upset [and] real angry" and had approached Cornish intending "to get [his] stuff back."  *Id.* at 21; *see also id.* at 70, 73.  Jones testified that, after he "just shot somebody[,]" he "still didn't get [his] stuff back" and it "had [him] upset, angry, scared, [and] stressed."  *Id.* at 74.

> The trial court sentenced Jones to life in prison without the possibility of parole.
>
> Jones filed an untimely Notice of Appeal, which this Court quashed in 2001.  *See Commonwealth v. Jones*, 779 A.2d 1219 (Pa.Super.2001) (unpublished memorandum).  However, the trial court reinstated Jones's right to file a direct appeal, *nunc pro tunc.* This Court affirmed the judgment of sentence.  *See Commonwealth v. Jones*, 816 A.2d 330 (Pa.Super.2002) (unpublished memorandum).  Jones did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.
>
> Jones filed his first timely PCRA Petition, *pro se*, in 2003.  The PCRA court appointed counsel, who filed a Petition to withdraw from representation pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa.1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super.1988) (*en banc*).  The PCRA court allowed counsel to withdraw and dismissed Jones's Petition.  This Court affirmed the dismissal, and the Pennsylvania Supreme Court denied Jones's Petition for Allowance of Appeal. *See Commonwealth v. Jones*, 873 A.2d 768 (Pa.Super.2005) (unpublished memorandum), *appeal denied,* 889 A.2d 1214 (Pa.2005).

*Commonwealth v. Jones*, 121 A.3d 1145 (Pa. Super. 2015) (unpublished memorandum) at 1-2.

Jones, *pro se*, filed a second PCRA petition in 2012, which the PCRA court dismissed without a hearing as untimely filed.  Jones appealed, and, in his brief to this Court, referred to his crime as such a "'textbook example' of a 'coldly and deliberately executed' first-degree murder that no reasonable

counsel would have discouraged him from accepting the plea deal for third-degree murder." *Id.* at 4, *quoting* Jones's Brief, 3/3/2015, at 8. This Court affirmed the PCRA court on April 29, 2015. *Id.* at 1, 5. Jones petitioned for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on December 22, 2015. *Commonwealth v. Jones*, 128 A.3d 1205 (Pa. 2015).

On July 4, 2017,[2] Jones filed his third PCRA petition, *pro se*, in which he invoked the after discovered facts exception to the PCRA time for filing requirements. *See* 42 Pa.C.S. § 9545(b)(1)(ii). Jones alleged:

> The following facts were previously unknown to me:
>
> There is an eyewitness who saw victim point a gun at Petitioner. His testimony was unavailable until he was introduced to Petitioner and disclosed new facts that if introduced at trial raises the reasonable probability that the outcome at trial would have been different. . . . I met Mr. Jonathan David Rickets Burwell in the prison[']s library. He knew who I was, I did not know him, and he spoke candidly with me about the herein facts. . . .
>
> [Burwell] will testify that on the evening of January 16, 1999, he saw the victim[,] Kevin Cornish, pull a gun from his waistband and turn himself and his gun towards Petitioner.

---

[2] According to the cash slip attached to Jones's third PCRA petition, he gave the petition to prison authorities to mail on July 4, 2017. The petition was received by the Montgomery County Clerk of Courts on July 7, 2017. Pursuant to the prisoner mailbox rule, we will consider July 4, 2017, to be the date of filing. *See Commonwealth v. Whitehawk*, 146 A.3d 266, 268 n.3 (Pa. Super. 2016) ("under the 'prisoner mailbox rule' a document is deemed filed when placed in the hands of prison authorities for mailing").

- 3 -

PCRA Pet., 7/4/2017, at 3-4, 7. Jones attached to his petition an "Affidavit," purportedly signed by Burwell,[3] which stated, in relevant part:

> On January 16th, 1999, at around 6:30 pm I was on my way into Argento's Pizza Shop. As I was about to go in, I saw this older guy I knew from the neighborhood, Kevin Cornish, walking down High Street towards me. Instead of going in I waited to say what's up to him. As I was waiting I saw someone walking up behind him, as they both got closer I could tell that it was the other Kev, Kevin Jones, walking up behind him. Kevin Jones was calling something out to Kevin Cornish. When Kevin Cornish turned around to see who was calling him, he immediately turn back in my direction like he was going to run. That's when I saw Kevin Cornish reach into to his waist band and grab his gun. He turned back towards Kevin Jones that's when I saw Kevin Jones almost simultaneously pull out a gun. I heard gun shots and saw Kevin Cornish drop his gun and fall to the ground. When the shooting stopped, Kevin Jones started heading in the direction I was standing. I took off running up Hanover Street and kept going until I got to my grandmother's house.
>
> On May 17, 2017 I was talking to a friend in the prison about the neighborhood, and he asked me if I knew certain people. He asked me if I knew Kevin Jones. I told him, I didn't know him, but I witnessed when he caught his case. He told me Kevin Jones was in this prison.
>
> On May 30, 2017 I was in the prison's library, with my friend, and Kevin Jones came in and we were introduced. I told him what I witnessed and he asked me if I would write an affidavit and testify to these facts.

*Id.*, Ex. "1".

On July 24, 2017, without seeking the PCRA court's leave, Jones filed an amended PCRA petition and a memorandum of law. On September 12, 2017, the PCRA court entered a notice of its intent to dismiss the PCRA petition

---

[3] Burwell's "Affidavit" is neither witnessed nor notarized. PCRA Pet., 7/4/2017, Ex. "1".

- 4 -

without a hearing. Jones filed a response to the PCRA court's notice on October 4, 2017, but the PCRA court dismissed Jones's PCRA petition as untimely the next day. On October 17, 2017, Jones filed a "motion to rescind final order of dismissal," followed by a notice of appeal on November 2, 2017.[4]

Jones now raises the following issues for our review:

> I.    [Jones] was denied Due Process of law and Equal Protection when the P.C.R.A. Court dismissed his petition as untimely filed when [he] gave detailed descriptions of how he received the new facts, when he met the author of the Affidavit, and presented the Affidavit to the court, and why he could not have ascertained these facts any time beforehand, and took the required steps to effectuate his pleadings[, w]hich satisfies the newly-discovered facts exception.
>
> II.    [Jones] was denied Due Process of law and Equal Protection when the P.C.R.A. Court failed to grant an evidentiary hearing, as [Jones] set forth allegations that if available, would have affected the entire evidentiary picture at trial. Moreover, now that they have become available, there is a reasonable probability that the presentation of these new facts would have altered the outcome at trial.

Jones's Brief at 5.

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013).

_____

[4]   The PCRA court did not request, and Jones did not provide, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b) of the statute. *See* 42 Pa.C.S. § 9545(b).[5] Here, the PCRA court concluded that it lacked jurisdiction over Jones's third PCRA petition, because the petition was untimely and failed to satisfy an exception to the PCRA's time bar.

Jones's judgment of sentence became final on December 16, 2002, 30 days after this Court affirmed. *See* Pa.R.A.P. 1113.[6] Jones thus had one

---

[5] The three exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

[6] The thirtieth day after November 14, 2002, was Saturday, December 14, 2002. Therefore, Jones had until the next business day, Monday, December 16, 2002, to file a timely petition. *See* 1 Pa.C.S. § 1908.

year thereafter to file a PCRA petition – *i.e.*, until December 16, 2003. 42 Pa.C.S. § 9545(b)(1). Jones filed the current petition on July 4, 2017, over 14 years late. Therefore, Jones's petition was patently untimely.

Nevertheless, Jones attempts to circumvent the time bar by asserting the "newly discovered facts" exception under subsection 9545(b)(1)(ii). PCRA Pet., 7/4/2017, at 3-4; Jones's Brief at 11. Jones contends that he was "denied due process and equal protection of the law when the PCRA court dismissed [his] petition as untimely filed" after he "presented the affidavit to the court" and "gave detailed descriptions of how the new facts came about[,]" including how he "met affiant[.]" *Id.* He continues that he could not have "ascertained" the facts in Burwell's affidavit "through the exercise of any due diligence prior to May 30, 2017, the date when [he] met [Burwell]." *Id.* at 8. Jones argues that, "[b]ased on the particular circumstances, to uncover facts that may support a claim for collateral relief, [he] acted with as much due diligence as anyone under these particular set of circumstances could." *Id.* at 16; *see also* Jones's Reply Brief at 1 ("the newly-discovered facts . . . were unknown, unknowable, and not obtainable to [Jones] until May 30, 2017").

"The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Fennell*, 180 A.3d 778, 782 (Pa. Super. 2018) (*en banc*) (citation omitted). "Due diligence demands that the

petitioner take reasonable steps to protect his own interests."
***Commonwealth v. Robinson***, 185 A.3d 1055, 1063 (Pa. Super. 2018) (*en banc*) (citation omitted).

> ***A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.*** Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

***Fennell***, 180 A.3d at 782 (emphasis in original).

In his third PCRA petition, Jones explained that he could not have learned that Burwell was a witness until he met Burwell "by chance . . . in the prison[']s library." PCRA Pet., 7/4/2017, at 4. Prior to that meeting Jones did not know Burwell. ***Id.*** In his affidavit, Burwell stated that he was introduced to Jones by a "friend in the prison[.]" ***Id.***, Ex. "1". The circumstances represented by Jones and Burwell suggest that Jones could not have learned by the exercise of due diligence that Burwell was a witness. ***See Fennell***, 180 A.3d at 782.

While these circumstances could necessitate remand of this appeal to the PCRA court for an evidentiary hearing, there is no reason to do so in the current case. The section 9545(b)(1)(ii) exception is for "newly discovered facts," not newly discovered evidence or a new source of facts that should have been known to the defendant. ***See Fennell***, 180 A.3d at 782.

Assuming Jones did not know of Burwell's proposed testimony, Jones should have known the facts Burwell alleged – *i.e.*, that Jones fired his gun in self-defense. Had Jones truly acted in self-defense, he would have known that

at the time of his testimony at trial. However, his trial testimony contradicted his present claim of self-defense, as did his assertion in a brief filed in this Court in a prior appeal. The PCRA court explained:

> Here, in the matter now on appeal, [Jones] failed to set forth allegations sufficient to bring his motion or amended motion within the newly-discovered facts exception. [Jones] testified at trial that he believed that the man he shot in the back was one of the men who had robbed him at gunpoint the day before. N.T.[,] 11/8/[19]99, [at] 11, 16-19, 21, 67-70, 73-74. [Jones] testified that he was angry and that he approached the man intending to retrieve the property that had been stolen from him. [*Id.*][2]
>
> > [2] It should be noted that [Jones] represented to the Superior Court in his appeal from the dismissal of his second PCRA petition that his killing of the victim was a "textbook example" of a "coldly and deliberately executed" first-degree murder. [*Jones*, 121 A.3d 1145 (unpublished memorandum) at 4, *quoting* Jones's Brief at 8.]
>
> [Jones] in no way claimed at trial that it was in self-defense that he shot the victim five times in the back and then two times as the victim lay on the ground. Thus, the new facts alleged by [Jones] in his motion and amended motion were that his motive was self-defense and that the victim had surreptitiously drawn a handgun from his waistband and wheeled around to face defendant who then began firing at the victim. *See* [PCRA Pet.], 7/[4]/17, Exhibit "1" (affidavit of Jonathan David Ricketts Burwell). [Jones] failed to explain to this court why he could not have learned sooner with the exercise of due diligence that he had shot the victim in self-defense: [Jones]'s failure to do so meant that neither his motion nor his amended motion could be ruled to be within the newly-discovered facts exception set out at 42 Pa.C.S.A. § 9545(b)(1)(ii).

PCRA Court Opinion, 11/9/2017, at 2-3.

Having discerned no error of law, we affirm the order below. *See*

*Andrews*, 158 A.3d at 1263.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/18