J-E04003-17

2018 PA Super 47

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT FENNELL, | |
| Appellant | No. 1119 EDA 2016 |

Appeal from the PCRA Order of March 22, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0406281-2005

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., BOWES, J., PANELLA, J.,
SHOGAN, J., LAZARUS, J., OLSON, J., STABILE, J., DUBOW, J.

OPINION BY OLSON, J.:                    **FILED MARCH 02, 2018**

Appellant, Robert Fennell, appeals from the order entered on March 22, 2016 by the Court of Common Pleas of Philadelphia County dismissing as untimely Appellant's March 19, 2014 serial petition filed pursuant to the Post-Conviction Relief Act (PCRA).[1]  Appellant seeks relief from the judgment of sentence imposed on December 4, 2006, following his jury convictions of unlawful restraint, aggravated assault, robbery of a motor vehicle, kidnapping, and criminal conspiracy.[2]  On appeal, Appellant contends that the PCRA court erred in dismissing his claim asserting the newly discovered fact exception to

---

[1] 42 Pa. C.S.A. §§ 9541-9546.

[2] 18 Pa. C.S.A. §§ 2902, 2702(a)(1), 3702(a)(1)(ii), 2901 and 903, respectively.

the PCRA's timeliness requirement.[3]  After careful consideration, we conclude that the PCRA court lacked jurisdiction to consider the claims raised in the untimely PCRA petition.  Accordingly, we affirm.

On February 25, 2005, Appellant and his two co-conspirators kidnapped the victim, his family and two neighbors in order to rob a check-cashing business where the victim's wife worked.  On September 22, 2006, a jury convicted Appellant of the above-mentioned crimes.  The trial court sentenced Appellant on November 15, 2006 to an aggregate term of imprisonment of ten to 20 years.  Sentence Order, 11/15/06.  A panel of this Court affirmed the judgment of sentence on July 16, 2008, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on April 1, 2009. *Commonwealth v. Fennell,* 959 A.2d 961 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 968 A.2d 231 (Pa. 2009).

Following the judgment of sentence, Appellant filed three PCRA petitions on November 19, 2007, November 19, 2008, and November 8, 2010.  None of these petitions provided Appellant with relief.  Appellant filed the present *pro se* petition, his fourth, on March 19, 2014.  After determining that the current petition was untimely, the PCRA court denied relief without a hearing on March 22, 2016.[4]  On appeal, a divided panel of this Court reversed the

---

[3] 42 Pa.C.S.A. § 9545(b)(1)(ii).

[4] The record reveals that the PCRA court did not issue a Pa.R.Crim.P. 907 notice before it dismissed Appellant's fourth petition.  Nonetheless, Appellant

- 2 -

PCRA court's order dismissing Appellant's petition. Specifically, the majority concluded that Appellant pled sufficient facts to invoke the newly discovered fact exception to the PCRA's time-bar. Thus, the case was remanded for a hearing to permit Appellant to prove that he acted with due diligence in filing his fourth PCRA petition and, if able to do so, to demonstrate the merits of his underlying issue.

The Commonwealth filed a petition for reargument which was granted on April 26, 2017.[5] Following the submission of substituted briefs and oral argument before this Court *en banc*, the case is ripe for decision.

Appellant raises the following issue for our review:

1. Did the PCRA [c]ourt err in dismissing [A]ppellant's serial PCRA [p]etition without a hearing as untimely and declining to address [A]ppellant's claim on the merits, specifically, whether [A]ppellant satisfied the newly-discovered facts exception to the PCRA time-bar pursuant to 42 Pa. C.S. § 9545(b)(1)(ii) and 42 Pa. C.S. § 9545(b)(2), on [A]ppellant's claim of a juror's allegedly disqualifying criminal record?

Appellant's Substituted Brief at 4.

As our Supreme Court recently articulated:

_____

did not challenge the lack of Rule 907 notice on appeal, which constitutes waiver of any rule-related claim. **See Commonwealth v. Boyd**, 923 A.2d 513, 514, n.1 (Pa. Super. 2007), *appeal denied*, 932 A.2d 74 (Pa. 2007).

[5] This Court's order of April 26, 2017 granting reargument *en banc* also directed the Court of Common Pleas of Philadelphia County to appoint counsel for Appellant for purposes of this appeal. Order, 4/26/17. Counsel was appointed and represented Appellant for purposes of the reargument before the Court *en banc*.

Our review of a PCRA court's decision is limited to determining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. Our review of questions of law is *de novo*. Our scope is limited to the PCRA court's findings and the evidence of record, viewed in the light most favorable to the Commonwealth as the prevailing party.

**Commonwealth v. Chimel**, 2017 WL 5616233, *5 (Pa. Nov. 22, 2017) (internal citations and quotes omitted).

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." **Commonwealth v. Smith**, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012). The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "a PCRA petition, including a second or subsequent petition, must be filed within one year of a final judgment, unless the petitioner alleges and proves that he is entitled to one of three exceptions to this general rule, and that the petition was filed within 60 days of the date the claim could have been presented." **Chimel, supra** (citation omitted); 42 Pa.C.S.A. § 9545(b). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to determine first the timeliness of a petition

before we consider the underlying claims. ***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (2014) ("The PCRA timeliness requirement . . . is mandatory and jurisdictional in nature. … The court cannot ignore a petition's untimeliness and reach the merits of the petition.")

In this case, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on April 1, 2009. ***Commonwealth v. Fennell***, 968 A.2d 231 (Pa. 2009) (*per curiam*). Therefore, Appellant's judgment of sentence became final on June 30, 2009, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. 9545(b)(3); U.S.Sup.Ct.R. 13. As such, to be timely, Appellant had to file his PCRA petition by June 30, 2010. Appellant's present PCRA petition was filed on March 19, 2014; therefore, it is patently untimely. Nevertheless, an untimely PCRA petition may be considered if one of the following exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Whether the petitioner meets his burden to allege and prove that one of the PCRA timeliness exceptions applies is a threshold inquiry that must be resolved prior to considering the merits of the petition. ***Commonwealth v. Edmiston***, 65 A.3d 339, 346 (Pa. 2013). In this case, Appellant alleges that the newly discovered fact exception set forth in Section 9545(b)(1)(ii) applies. As this Court has stated:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. ***A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced***. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1197 (Pa. 2015) (internal quotes and citations omitted) (emphasis added).

A review of Appellant's most recent PCRA petition reveals that Appellant's allegations touch upon the newly discovered fact exception set

forth in Section 9545(b)(1)(ii).[6]  Specifically, Appellant alleges that he discovered that one of the jurors from his trial provided false information regarding that juror's criminal background during *voir dire* and the juror's perjured statement violated Appellant's constitutional rights as the juror's conviction would have constituted a valid basis to strike him for cause.  PCRA Petition, 3/19/14, at 15, 18-19 (unpaginated).[7]  Appellant asserts that he was

_____

[6] Appellant's PCRA petition does not expressly allege or reference the newly discovered fact exception.  Instead, the petition alleges "equitable tolling."  PCRA Petition, 3/19/14, at 19 (unpaginated).  Specifically, Appellant asserts that he diligently pursued his claims; however, correctional officers improperly confiscated and destroyed his petitions, notes of testimony and other evidence.  Thus, he argues that the "PCRA statute is . . . subject to equitable tolling."  **Id.**  As our Supreme Court has made clear, "the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar."  **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016) (internal citations and quotes omitted).  Because of this, we could dismiss this most recent PCRA petition for failure to assert properly the newly discovered fact exception.  However, since the petition does allege that Appellant did not receive information regarding juror #2 until December 31, 2013 and February 14, 2014, we agree that Appellant's petition sufficiently raises the newly discovered fact exception.

[7]  Title 42, Section 4502(a)(3) provides, in pertinent part:

> **(a)**   **General rule.** – Every citizen of this Commonwealth who is of the required minimum age of voting for State or local officials and who resides in the county shall be qualified to serve as a juror therein unless such citizen:
>
> ...

not able to obtain the transcript of the September 18, 2006 jury *voir dire* until December 31, 2013 at which time he saw that juror #2 stated under oath that he was never convicted of a crime. ***Id.*** at 19 (unpaginated). Moreover, Appellant alleges that it was not until February 14, 2014 that he obtained the criminal background information regarding juror #2 which revealed that this juror lied under oath as he had been convicted of a crime and, therefore, was unqualified to serve on the jury. ***Id.*** As the current PCRA petition was filed on March 19, 2014, less than 60 days after he learned of the juror's criminal conviction, Appellant argues that he properly invoked an exception to the time-bar. Moreover, Appellant argues that he was "duly diligent in obtaining the *voir dire* notes of testimony of September 18, 2006, which he contends were obtained on December 31, 2013" and was "duly diligent when obtaining juror #2's criminal record, which [A]ppellant obtained from a fellow inmate on or about February 14, 2014." Appellant's Substituted Brief at 10.

After a careful review of the record, we conclude that Appellant's March 19, 2014 petition was untimely as Appellant did not act diligently in obtaining

---

**(3)** has been convicted of a crime punishable by imprisonment for more than one year and has not been granted a pardon or amnesty therefor.

42 Pa.C.S.A. § 4502(a)(3).

the alleged information regarding juror #2.[8]  Additionally, Appellant did not file his PCRA petition within the requisite 60 days after first obtaining information regarding juror #2's *voir dire* testimony.  Accordingly, Appellant failed to establish the applicability of the newly discovered fact exception which would confer subject matter jurisdiction on the PCRA court.

Attached to the instant PCRA petition is a hand-written statement prepared by Appellant in which he alleges that he wrote to his trial counsel Attorney Scott J. O'Keefe (now Judge O'Keefe) on September 23, 2006 (shortly after the conclusion of the jury trial in which Appellant was found guilty) and requested his files.  PCRA Petition, 3/19/14, at 15 (unpaginated). On September 29, 2006, Attorney O'Keefe allegedly sent a letter with one trial transcript and indicated that was all he had. ***Id.***  Appellant claims he did not believe Attorney O'Keefe's representation that that was all he had, so Appellant alleges he sent a letter to Attorney O'Keefe every 15 days from October 10, 2006 until November 18, 2007 asking for copies of all of his paperwork and each request was ignored.  ***Id.***  Although these allegations are made, the only pertinent letter attached to the petition is a letter dated

_____

[8] In its original brief, the Commonwealth asserted that Appellant's "entire claim is based on a glaring factual error" as the criminal history provided to Appellant by a fellow prison inmate did not apply to juror #2 but to another individual.  Appellee's Brief at 12, n. 4.  As we conclude that Appellant's PCRA petition is untimely, we need not get into the merits of whether juror #2 was, in fact, convicted of a crime that would disqualify him from serving on a jury.

October 11, 2012 from Emily Cherniack, Esquire (Appellant's second lawyer) to Appellant.[9]  This letter reads in relevant part:

> Enclosed is a copy of your transcripts in the above-captioned matter which I have retained.  I do not have the discovery in your matter.  I will check again but I believe Mr. O'Keefe as your trial attorney may have retained a copy.  As I was relieved as your court appointed attorney, I have no ability to request your discovery for you.
>
> I can make two suggestions to you.  First, **if Mr. O'Keefe no longer has the file, Mr. Ostriak may have a copy of your co-defendant's discovery**.  Also, if your family has access to the criminal justice center, some or much of the police paperwork may be in the file as exhibits in the court file.

*Id.* at 14 (unpaginated) (emphasis added).  Thus, as early as October 11, 2012, Appellant was advised by his second counsel that she did not have the documents requested and that, if Attorney O'Keefe did not have the

---

[9] Appellant attached copies of other letters to his initial *pro se* brief, including letters from Attorney O'Keefe dated March 14, 2007 and September 30, 2013, and letters from Jason Javie of Michael J. Diamondson, P.C. dated March 18, 2012 and August 20, 2012.  These letters were not attached to the March 19, 2014 PCRA petition and, although some of these letters were attached to prior PCRA petitions filed by Appellant, it is not clear that all of the letters were included with earlier PCRA submissions.  To the extent that these letters were not made part of the certified record, we cannot consider them. **Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) (if a document is not in the certified record, the Superior Court may not consider it), *appeal denied* 916 A.2d 632 (Pa. 2007).  **See also Commonwealth v. Kennedy**, 868 A.2d 582, 593 (Pa. Super. 2006) (Any document not in the certified record is deemed non-existent, a deficiency which cannot be remedied merely by attaching the missing documents to the brief.).  Even if we were to consider these documents, they do not support the conclusion that Appellant acted diligently in ascertaining the newly discovered facts regarding juror #2.

documents (a fact which Appellant knew as he alleged that he repeatedly requested documents from Attorney O'Keefe starting in 2006 and received only one transcript), he should contact his co-defendant's lawyer to see if he had copies of the desired materials. Apparently, that is what Appellant ultimately did as he alleges in his PCRA petition that he received a copy of the relevant jury *voir dire* transcript from his co-defendant, Lamont Childs, on December 31, 2013, more than one year after he was advised by Attorney Cherniack to contact his co-defendant's counsel to see if he had the requested materials. Waiting over one year to contact either his co-defendant or his co-defendant's counsel to request the relevant transcript does not sufficiently allege that Appellant acted with due diligence.[10]

Additionally, Appellant alleges in his petition that, after receiving the pertinent jury *voir dire* transcript on December 31, 2013, he requested the help of a fellow prisoner, Anthony Murphy, on January 31, 2014. PCRA Petition, 3/19/14, at 19 (unpaginated). Appellant asserts "[t]his prisoner . . . agreed to have his friends run a back ground [*sic*] search of several juror[s]. On February 14th 2014 Murphy sent [Appellant] a copy of [j]uror #2['s] . . . docket sheet. [Appellant] promptly filed this PCRA after discovered [*sic*] that

---

[10] Appellant's co-defendant and co-defendant's counsel were known to Appellant as potential sources of relevant information as early as the time of trial in 2006. Clearly, then, they should have been investigative targets for any supplemental information that Attorney O'Keefe was unable to produce.

[juror #2] lied." ***Id.*** In support of this allegation, Appellant attaches a hand-written document entitled "Affidavit" dated February 15, 2014 purportedly signed by Anthony Murphy.[11] That document provides in its entirety:

> I Anthony Murphy FW0863 hearby [*sic*] declare that the following facts are true and correct to the best of my knowledge & belief[.]
>
> On February 15 [*sic*] 2014 I gave [Appellant] a common pleas docket sheet with the name of [W.C.][.]
>
> ***[Appellant] has been asking me to help him to get a background report for over a year*** but I could not get it until Feb 13 2004 [*sic*] [.]

PCRA Petition, 3/19/14 at 10 (unpaginated) (emphasis added). Thus, Appellant's own petition indicates that he knew about juror #2 and had been seeking a background report on the juror in question for over a year. Moreover, Appellant fails to explain why Anthony Murphy was the sole source of juror #2's criminal history or why he did not pursue other avenues when there was a delay in obtaining the requested information from Mr. Murphy. Hence, the record does not support the conclusion that Appellant acted with due diligence in obtaining the newly discovered facts upon which he now relies. As this Court stated in ***Brown***, "[a] petitioner must explain why he

---

[11] Although captioned "Affidavit," the document purportedly signed by Anthony Murphy is not an affidavit. An affidavit is "[a] voluntary declaration of facts written down ***and sworn to*** by a declarant . . . before an officer authorized to administer oaths." ***Black's Law Dictionary*** (10th ed. 2014) (emphasis added). Nothing on the document purportedly signed by Mr. Murphy indicates that Mr. Murphy swore to or affirmed the statements made in the document before an officer authorized to administer oaths.

- 12 -

could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is **strictly** enforced." ***Commonwealth v. Brown,*** 111 A.3d at 176 (emphasis supplied).

Most troubling of all is that the allegations set forth in Appellant's March 19, 2014 PCRA petition regarding his inability to obtain the jury *voir dire* transcript do not appear to be truthful. Contained within the certified record is the PCRA petition filed by Appellant on November 19, 2008, just two years after his conviction. Appellant attached to that petition a typed-written document that contains a section entitled "Basic and Fundamental Error's [*sic*]." PCRA Petition, 11/19/08 at 35. In that section, Appellant asserts that juror #29, S.C., was stricken for cause based on her testimony that she was a victim of a crime. ***Id.*** Appellant then cites to notes of testimony (pages 186-187) and quotes the question posed to juror #29 and her answer.[12] ***Id.***

_____

[12] We note that the quote contained in Appellant's November 19, 2008 PCRA petition is not identical to the language contained in the notes of testimony from the jury *voir dire* proceeding on September 18, 2006. Appellant's PCRA petition states:

> (The Court) Q. Have you or someone close to you been the victim of a crime?
>
> (Juror #29) A. Yes, me, [i]t was a [r]obbery.

PCRA Petition, 11/19/08 at 35. The notes of testimony from the *voir dire* proceeding read:

> The Court: You or someone close to you has been the victim of a crime?

This attachment goes on to reference other jurors who were stricken for cause and cites to the relevant transcript pages. *Id.* Based on the attachments to Appellant's November 19, 2008 petition, we can only conclude that Appellant had the relevant notes of testimony from the September 18, 2006 jury *voir dire* proceeding as early as November 2008.[13] Appellant's possession and use

---

Juror #29: Yes.

The Court: Who would that have been?

Juror #29: Me.

The Court: Did it involve the same or similar type of offense or offenses that you heard mentioned here?

Juror #29: No.

The Court: Was it robbery, assault?

Juror #29: it was a robbery.

N.T., 9/18/06, at 186-187. Although not identical, Appellant's November 19, 2008 PCRA Petition accurately reflects the contents of the questions and answers with respect to juror #29 and correctly references the pages of the notes of testimony.

[13] In his substituted brief, Appellant acknowledges the argument that Appellant had the September 18, 2006 *voir dire* transcript prior to November 19, 2008. Appellant's Substituted Brief at 11. However, Appellant goes on to argue that he "contends otherwise" and "[f]or this reason alone, an evidentiary hearing is warranted so that the trial court may make its evidentiary determination." *Id.* We disagree. It is well established that a hearing is not necessary when a petitioner's claim is patently frivolous and is without a trace of support in the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001). Here, the certified record belies Appellant's contention that he first obtained the *voir*

of the 2006 jury *voir dire* transcript in support of his previous November 2008 PCRA petition wholly undercuts the credibility of his present assertion that he did not obtain the jury *voir dire* transcript until December 31, 2013. In addition, Appellant's earlier possession of the jury *voir dire* transcript advances the trigger date for investigating claims concerning the veracity of juror #2's responses to questions posed by the trial judge.[14]

For the foregoing reasons, we conclude that Appellant failed to meet his burden of establishing the applicability of the newly discovered fact exception to the PCRA time-bar and, as such, Appellant's March 19, 2014 PCRA petition is untimely. Accordingly, the PCRA court lacked jurisdiction to consider the merits of the petition.

Order affirmed.

---

*dire* transcript on December 31, 2013; therefore, a hearing is not warranted. **See Commonwealth v. Eichinger**, 108 A.3d 821, 849 (Pa. 2014) ("If a PCRA petitioner's . . . allegations are refuted by the existing record, an evidentiary hearing is unwarranted.").

[14] Indeed, even the content of Mr. Murphy's statement strongly supports the conclusion that Appellant has long harbored, but failed to act upon, suspicions that juror #2 made false statements regarding his criminal history. In his statement, Mr. Murphy declared that Appellant had requested his assistance in securing background information "**for over a year**." **See** PCRA Petition, 3/19/14, at "Affidavit" of Anthony Murphy (emphasis added).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/2/18