J-S34006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DERRICK DEWIGHT DAWSON | : | |
| | : | |
| Appellant | : | No. 1025 WDA 2017 |

Appeal from the PCRA Order June 13, 2017
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002038-2011,
CP-07-CR-0002042-2011, CP-07-CR-0002044-2011

BEFORE:   BOWES, J., STABILE, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 22, 2018**

Derrick Dewight Dawson appeals the June 13, 2017 order denying PCRA relief.  We affirm, finding the petition untimely.

Appellant was charged at each of eleven separate criminal informations with possession of a controlled substance, delivery of a controlled substance, criminal use of a communications facility, and criminal conspiracy.  Three of the criminal informations were filed in September 2011, and were premised upon buy/busts involving confidential informant Michelle Knab, and codefendant Annette Detweiler.[1]  The remaining eight cases were filed in early 2012, and involved other confidential informants and codefendants.  At Appellant's request, the September 2011 informations were severed for trial, and only those charges are at issue herein.

_____

[1] Annette Detweiler was not tried with Appellant.

_____
*   Retired Senior Judge assigned to the Superior Court.

The following testimony was adduced by the Commonwealth in the jury trial before the Honorable Elizabeth A. Doyle commencing April 10, 2012. Appellant was a supplier of cocaine to Ms. Knab, who knew him only as "B." Ms. Knab, upon being informed by Sergeant Troy Johannides, Narcotics Vice Unit Supervisor for City of Altoona Police, that she was going to be charged for narcotics-related offenses, agreed to participate in controlled buys from "B" in return for favorable consideration in the impending charges. Sergeant Johannides, the supervising officer, testified that Appellant was the target, and that Appellant was known to police as Derrick Dawson a/k/a Bally. On three occasions, August 18, 2011, August 25, 2011, and September 21, 2011, Ms. Knab made direct purchases of cocaine from Appellant while under police surveillance.

On each occasion, Detective Elizabeth "Libby" Wills conducted strip searches of Ms. Knab before and immediately after each controlled buy. She hid in the kitchen of the residence while the transactions took place. Patrolman Joseph Merrill of the Altoona Police Department and West 4 Drug Task Force provided outside surveillance for the August 18, 2011, controlled buy. Officer Merrill was informed that Appellant, known as "B," would be arriving at Ms. Knab's house in the 200 block of 16th Street. He was stationed in the 300 block when a white Mercedes sedan arrived at that address. He observed as Appellant exited the passenger side of the vehicle, entered Ms. Knab's residence, and shortly thereafter, returned to the vehicle and left the area. The officer took photographs of Appellant, which were admitted into

evidence, and he positively identified Appellant as the individual he observed entering Ms. Knab's residence. Officer Merrill identified Annette Detwiler as the driver of the white Mercedes. He followed the vehicle and obtained the license plate, which was registered to Taylor Muekel, Annette Detweiler's daughter.

Ms. Knab testified that she completed three controlled buys from "B" for Sergeant Johannides. Each time, she contacted "B" by telephone, arranged for the delivery of a specified amount of cocaine, and "B" delivered the requested amount. The telephone calls were made to the same phone number each time and recorded by police. Ms. Knab identified Appellant as the person she called "B," who sold her the cocaine on August 21, 25, and September 21, 2011. A wire in the home captured the conversation between Ms. Knab and Appellant as cocaine was exchanged for money.

On September 21, Appellant arrived at Ms. Knab's home in a red Dodge Ram truck driven by Detwiler. After the transaction was completed, Patrolman Andrew Crist of the Altoona Police Department and the task force, accompanied by Patrolman Merrill, stopped the vehicle and arrested Appellant and Detwiler. A search of Appellant conducted during processing yielded a bag of cocaine from between his buttocks, and a larger bag that contained ten individually wrapped smaller bags of cocaine.

Appellant was charged as aforesaid. The Commonwealth made several plea offers, the best offer being eleven to twenty-two years incarceration. **See** N.T. Hearing Held at Jury Selection, 4/2/12, at 5. When there was no

agreement on a plea, Appellant proceeded to a jury trial where he was convicted of all charges except the two counts of conspiracy. On July 13, 2012, he was sentenced to thirty-three to sixty-six years imprisonment. His post-sentence motion seeking reconsideration of his sentence was denied on July 23, 2012.

Appellant unsuccessfully challenged his sentence as excessive on direct appeal. *Commonwealth v Dawson*, 87 A.3d 876 (Pa.Super. 2013) (unpublished memorandum), *allocatur denied* 87 A.3d 814 (Pa. March 25, 2014). Appellant filed a timely counseled PCRA petition on May 28, 2014, seeking relief under *Alleyne v. United States*, 570 U.S. 99 (2013). Relief was denied, and he did not appeal. Appellant filed the instant PCRA petition, his second, on July 14, 2015. The court appointed counsel.

Following a status conference, the PCRA court issued an order dated December 10, 2015, stating the following: "The PCRA petition appears untimely and no exceptions appear to be alleged. The defense is given 30 days to establish any exceptions." Order, 12/10/15. In response, Appellant filed an amendment alleging that counsel was ineffective because he failed to investigate four potential witnesses whose testimony would have changed the outcome of the case, namely, Michelle Knab, Daniel DeAntonio, Franklin Roesch, and Billy Nodal. He pled that these witnesses would have testified that Appellant was not Ms. Knab's source known as "B." Furthermore, he claimed that he only acquired this information in May 2015, less than sixty days prior to the filing of the instant petition.

New counsel entered her appearance on behalf of Appellant and filed another amended petition. In addition to pleading that there was exculpatory discovery in the other eight cases that was unavailable at trial, Appellant alleged that trial counsel was ineffective for failing to advise him to enter a negotiated plea. After an evidentiary hearing on June 19, 2017, the PCRA court denied relief on the merits. It concluded the following. Appellant had failed to demonstrate that he was prejudiced by trial counsel's advice regarding the plea. Furthermore, Appellant did not offer any evidence that he would have accepted the Commonwealth's offer but for trial counsel's acts or omissions. Additionally, the Court found no merit in Appellant's *Brady* claim that the Commonwealth had failed to turn over discovery on the other eight cases prior to trial. The record indicated that trial counsel had received discovery on those cases thirteen days before the start of the instant trial. Any alleged failure of trial counsel to use that information to investigate witnesses, or point to Billy Nadal or Bruce Hill as the "B" who sold cocaine to Ms. Knab, went to ineffective assistance of counsel. However, since Appellant had not provided the requisite witness certifications, nor demonstrated that the witnesses were available and willing to testify, the court found that he had virtually abandoned the claim. The court found no showing of prejudice in counsel's failure to review discovery on the eight severed cases, and that Appellant had not shown that merely mentioning individuals whose name

began with the letter "B" would have bolstered Appellant's claim of mistaken identification and changed the outcome of the case.[2]

Appellant presents five issues for our review:

A. Whether the PCRA court erred in finding the record insufficient to establish beyond a preponderance of the evidence that [Appellant] was denied his Sixth Amendment and State Constitutional Rights to the Effective Assistance of Counsel when the court determined trial counsel ineffective for failing to advise on the desirability of the plea, sentence exposure and likelihood of conviction?

B. Whether the PCRA court erred in barring relief when [Appellant] evinced prejudice by trial counsel's substandard performance advancing to trial and receiving a manifestly excessive sentence of consecutive statutory maximums?

C. Whether the PCRA court erred in finding the record insufficient to establish beyond a preponderance of the evidence that [Appellant] was denied his Sixth Amendment and State Constitutional Rights to the Effective Assistance of Counsel which resulted in the imposition of a clearly unreasonable sentence without consideration of relevant sentencing criteria as set forth in 42 Pa.C.S.A. § 9721(b)?

D. Whether the PCRA court erred in finding the record insufficient to establish beyond a preponderance of the evidence that [Appellant] was denied his Sixth Amendment and State Constitutional Rights to the Effective Assistance of Counsel where trial counsel failed to obtain or review exculpatory evidence?

E. Whether the PCRA court erred in finding the record insufficient to establish beyond a preponderance of the evidence that [Appellant] was denied his Sixth Amendment and State Constitutional Rights to the Effective Assistance of Counsel

---

[2] The PCRA court also concluded that trial counsel had a reasonable strategy for seeking severance, and that Appellant failed to show prejudice from the alleged conflict-of-interest claim.

when trial counsel failed to assert a timely conflict of interest with legal representation?

Appellant's brief at 4-5.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Chmiel**, 173 A.3d 617, 624-25 (Pa. 2017) (quoting **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012)). "Our review of questions of law is *de novo*." **Id**. at 625. "Our scope of review is limited to the PCRA court's findings and the evidence of record, viewed in the light most favorable to the Commonwealth as the prevailing party." **Id**.

The Commonwealth contends that the within petition was untimely filed as Appellant pled, but failed to prove, the newly-discovered facts exception to the PCRA time-bar. Appellant does not address the Commonwealth's contention; similarly, the PCRA court ignored the issue. Since the time-bar is jurisdictional, we cannot address the merits of the issues raised unless Appellant has first established that his PCRA petition is timely. 42 Pa.C.S. § 9545(b).

The PCRA court gave Appellant an extension of time in which to plead an exception to the time bar, and Appellant alleged that he learned of four witnesses who would have testified that he was not "B" within sixty days of the filing of the within petition. The PCRA court appears to have accepted that representation at face value without any substantiation.

As this Court recently reaffirmed in *Commonwealth v. Fennell*, 180 A.3d 778, 781 (Pa.Super. 2018), "[c]rucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." *Commonwealth v. Smith*, 35 A.3d 766, 768 (Pa.Super. 2011). The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that, "a PCRA petition, including a second or subsequent petition, must be filed within one year of a final judgment, unless the petitioner alleges and **proves** that he is entitled to one of three exceptions to this general rule, and that the petition was filed within 60 days of the date the claim could have been presented." *Chmiel, supra* (citation omitted) (emphasis added); 42 Pa.C.S. § 9545(b). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3).

Appellant's judgment of sentence became final on June 24, 2014, ninety days after our Supreme Court denied *allocatur*, and he did not seek *certiorari* from the United States Supreme Court. Thus, to be timely, Appellant had to file his PCRA petition on or before June 24, 2015. Appellant's petition, filed on July 14, 2015, is patently untimely. Nevertheless, as the PCRA court recognized when it permitted amendment to assert a timeliness exception, an

untimely PCRA petition may be considered if one of the following exceptions applies:

    (i)       the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

    (ii)      the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

    (iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Moreover, in order to invoke one of these exceptions, the petition must be filed within sixty days of the date the claim could first have been presented. *Id*. at § 9545(b)(2).

In this case, Appellant asserted the newly-discovered fact exception set forth in § 9545(b)(1)(ii). In order to satisfy this exception, a petitioner must demonstrate that he did not know the facts upon which his petition was based and could not have learned of those facts earlier by the exercise of due diligence. The focus of this exception is on the newly-discovered facts, not on a newly-discovered or newly-willing source for previously known facts. *Fennell*, *supra* at 781-82 (citing *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015)). Whether the petitioner has met that burden is "a

threshold inquiry prior to considering the merits of the petition." ***Commonwealth v. Edmiston***, 65 A.3d 339, 346 (Pa. 2013).

Appellant alleged that he learned within sixty days of filing the instant petition of four witnesses who would have testified that he was not "B." He does not state how he became aware of such witnesses, or why, with the exercise of due diligence, he could not have learned earlier of their existence. He suggests that it was due to trial counsel's alleged failure to obtain or review discovery provided by the Commonwealth in the eight severed cases that he was unaware of this allegedly exculpatory evidence.

The record simply does not support Appellant's assertion of the timeliness exception. Appellant was given the opportunity at an evidentiary hearing to substantiate his newly-discovered fact exception. Preliminarily, we note that if Appellant was not "B," presumably that fact was known to him at the time of trial. The existence of other witnesses who could offer testimony that he was not "B" is after-discovered evidence, not a newly discovered fact. Furthermore, Ms. Knab obviously was known to Appellant at the time of trial, as she testified that Appellant was "B," her drug supplier. With regard to the newly-discovered fact that there were three other witnesses who would have provided such testimony, Appellant failed to prove how and when he learned

of their identities, and that he could not have learned of their existence earlier with due diligence.[3]

In short, Appellant failed to meet his burden of establishing the applicability of the newly-discovered fact exception to the PCRA time-bar and, hence, the instant PCRA petition is untimely. As this Court stated in **Brown**, "[a] petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." **Brown**, **supra** at 111. Accordingly, the PCRA court lacked jurisdiction to consider the merits of the petition, and we affirm on that basis.

Order affirmed.

_____

[3] Appellant contended that he only became aware of these witnesses when he had access to discovery provided in the other eight cases. He testified that the relevance of these witnesses was that their names began with the letter "B." **See** N.T. Evidentiary Hearing, 1/19/17, at 23. The record suggests, however, that these names were mentioned at the preliminary hearing on the other eight cases, which occurred prior to jury selection in the underlying case, and which Appellant attended. Furthermore, Bruce Hill was a named codefendant in the other cases.

PCRA counsel's position was two-fold: 1) that if trial counsel herein had reviewed the discovery provided in the other severed cases, he would have known to investigate these other witnesses; and 2) that trial counsel could have argued that Appellant was not "B" by referencing others whose names began with the letter "B." Claims that counsel was ineffective are not newly-discovered facts for purposes of the newly-discovered fact exception to the time-bar. **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000). Furthermore, assuming Appellant had satisfied the timeliness exception, we fail to see how testimony that Appellant was not "B" would exculpate him where Ms. Knab and the police officers identified him as the seller of cocaine to Ms. Knab, and he was photographed and recorded making the illegal drug transactions.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/22/2018