**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRANKLIN JOHONOSON, | : | |
| | : | |
| Appellant | : | No. 41 MDA 2018 |

Appeal from the PCRA Order November 28, 2017
in the Court of Common Pleas of Lancaster County, Criminal Division at
No(s):  CP-36-CR-0004190-2012

BEFORE:   OTT, J., MUSMANNO, J., and PLATT*, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED DECEMBER 26, 2018**

Franklin Johonoson ("Johonoson") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On August 12, 2013, a jury found Johonoson guilty of burglary.  The trial court sentenced Johonoson to three to seven years in prison, concurrent to the sentence he was serving at 4407-2009.  This Court affirmed the judgment of sentence on September 9, 2014, and the Supreme Court of Pennsylvania denied allowance of appeal on February 24, 2015.  ***See***

---

[1] Johonoson filed a separate Petition, involving the sentence imposed at CP-36-CR-4407-2009 ("4407-2009"), raising the same claims as he raised in the instant Petition.  Johonoson filed a Notice of Appeal from the PCRA court's Order disposing of his Petition at 4407-2009, which was docketed at 56 MDA 2018.

---

*   Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Johonoson***, 107 A.3d 222 (Pa. Super. 2014) (unpublished memorandum), ***appeal denied***, 110 A.3d 996 (Pa. 2015).

Johonoson filed a timely first PCRA Petition, which the PCRA court dismissed. This Court dismissed the appeal for Johonoson's failure to file a brief.

On November 11, 2017, Johonoson filed a second *pro se* PCRA Petition. On November 28, 2017, the PCRA court denied the Petition as untimely filed.[2] Johonoson filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

Initially, under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

_____

[2] The PCRA court did not provide Johonoson with a Pa.R.Crim.P. 907 notice. However, "where the PCRA Petition is untimely, the failure to provide such notice is not reversible error." ***Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted).

Here, Johonoson's judgment of sentence became final in May 2015, when the time to file an appeal to the Supreme Court of the United States expired. ***See*** SUP. CT. R. 13 (allowing ninety days to petition for writ of *certiorari*). Accordingly, Johonoson had until May 2016 to timely file a PCRA petition. Therefore, Johonoson's November 11, 2017 PCRA Petition is facially untimely.

However, Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of the three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." ***Id.*** § 9545(b)(2); ***Albrecht***, 994 A.2d at 1094.

Johonoson invokes the newly-discovered fact exception and claims he was unlawfully imprisoned between April 2, 2017, and September 20, 2017. Brief for Appellant at 4-5, 9. However, even if Johonoson's sentencing information constitutes a newly-discovered fact, he has failed to plead and prove why any information regarding his prison term could not have been ascertained earlier by the exercise of due diligence. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii) (stating that under the newly-discovered fact exception, a petitioner must prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]"). Indeed, Johonoson ostensibly learned about the unlawful detainment on April 2, 2017, well over 60 days before he filed his

PCRA Petition. *See Commonwealth v. Fennell*, 180 A.3d 778, 783 (Pa. Super. 2018) (holding that the newly-discovered fact exception did not apply where a petition had not been filed within 60 days after the petitioner obtained information which formed the basis of the fact).[3] Therefore, Johonoson did not successfully invoke the exception.[4]

Accordingly, because Johonoson did not successfully invoke any of the three exceptions necessary to circumvent the PCRA's timeliness requirement, we lack jurisdiction to address the merits of his claims on appeal.

Order affirmed. Motion to Strike Commonwealth's Brief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/26/2018

_____

[3] To the extent Johonoson was harmed by actions of the Department of Corrections or the Board of Probation and Parole, his remedy was to seek administrative review, and in the event of an adverse determination, an appeal to the Commonwealth Court.

[4] Johonoson also raises a legality of sentence challenge, without invoking any timeliness exception. It is well-settled that this Court cannot review a legality of sentence claim where the court does not have jurisdiction. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.") (citation omitted).