J-S40038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HERIBERTO PAGAN | : | |
| | : | |
| Appellant | : | No. 1275 EDA 2019 |

Appeal from the PCRA Order Entered April 22, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0310501-1996

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED SEPTEMBER 25, 2020**

Appellant, Heriberto Pagan, appeals from the order entered April 22, 2019, that dismissed his sixth petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  We affirm.

The current appeal stems from the 1996 killing and robbery of Thomas Retaic.[2]   On the night of the murder, an eyewitness, George Retallick,[3] described the perpetrator to police as a tall, skinny black or Puerto Rican male who had exited 3033 Lee Street prior to approaching the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] The victim's name is alternatively spelled as "Ret**ai**c" or "Ret**ia**c" throughout the certified record, but "Retaic" appears the most often in court documents.

[3] This eyewitness's name is alternatively spelled as "Re**tall**ick" or "Re**tta**lick" through the certified record, but "Retallick" appears the most often in court documents.

victim. When a police officer knocked on the door of 3033 Lee Street, he encountered Appellant and another young man and asked them to step outside. Retallick then identified Appellant as the shooter.

> A jury convicted [A]ppellant of murder in the second-degree, robbery, and possession of an instrument of crime on November 18, 1996. The trial court sentenced [A]ppellant to serve life in prison for the second-degree murder conviction and two and one-half to five years' imprisonment for the possession of an instrument of crime conviction. Appellant did not file a direct appeal.
>
> On December 14, 1998, [A]ppellant filed a *pro se* PCRA petition. The PCRA court appointed counsel for [A]ppellant, and his counsel filed an amended PCRA petition on December 7, 1999. Because [A]ppellant had filed his petition nearly one year after his judgment of sentence became final, the PCRA court dismissed it as untimely. Appellant did not appeal the order.
>
> On April 20, 2001, [A]ppellant filed a second *pro se* PCRA petition seeking to have his direct appeal rights reinstated *nunc pro tunc*. The PCRA court appointed counsel to represent [A]ppellant, and counsel filed an amended petition on July 9, 2002. Appellant's counsel then supplemented the petition on May 21, 2003. As it had done with [A]ppellant's first PCRA petition, the PCRA court dismissed his second petition as untimely. [A] timely appeal followed.

***Commonwealth v. Pagan***, No. 3751 EDA 2003, unpublished memorandum at 1-2 (Pa. Super. filed July 20, 2004).

> After review, . . . this Court affirmed the PCRA court's determination that Appellant's PCRA petition was properly dismissed as it was untimely. ***Id***.
>
> On September 24, 2007, Appellant filed a third PCRA petition. In this petition, Appellant . . . alleged that his trial counsel failed to file a direct appeal, but this time, he also asserted that the PCRA petition was timely due to after-discovered facts. The PCRA court ultimately reinstated Appellant's direct appeal rights *nunc pro tunc*. [A] direct appeal followed.

- 2 -

*Commonwealth v Pagan*, No. 2210 EDA 2009, unpublished memorandum at 2 (Pa. Super. filed August 30, 2010). This Court concluded that "Appellant failed to plead and prove any exception to the PCRA time bar" and that his "direct appeal rights should not have been reinstated by the PCRA court"; accordingly, it quashed the appeal. *Id.* at 1, 5. Appellant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which was denied on December 7, 2010.

On August 7, 2012, Appellant filed a fourth PCRA petition. On June 25, 2013, Appellant filed a motion for leave to amend his petition. For reasons that are unclear in the record, no further action was taken. On March 11, 2016, Appellant filed a fifth PCRA petition, which the PCRA court dismissed on September 25, 2017.

On April 11, 2018, Appellant filed his sixth PCRA petition, in which he concedes that his petition is untimely[4] but "avers that he meets an exception

_____

[4] Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in section 9545(b) of the statute:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

to the timeliness requirement based on newly discovered evidence." PCRA

Petition, 4/11/2018, at 8 ¶ 22. He continues:

> 23. [Appellant] has recently learned that on the night of the shooting, Francisco Febus confessed to shooting a man to Freddy Melendez. Mr. Melendez drove Febus to Sean Hough at Hough's mother's house, where Febus again confessed to shooting a man and asked to stay with Hough because he was on the run.
>
> 24. Freddy Melendez and Sean Hough's involvement was unknown to [Appellant] at the time of trial, as [Appellant] did not see Febus after hearing the gunshots and was previously unable to discover, by exercise of due diligence, Febus's movements between leaving Lee Street and meeting with Linette Melendez[, Febus's girlfriend].
>
> 25. Had Febus's confessions to Mr. Melendez and Mr. Hough, along with Febus's consciousness of guilt through admitting he was on the run, been known at the time of trial, the results would have undoubtedly been different. . . .
>
> 27. Had Febus returned to 3033 Lee Street after the shooting, instead of fleeing, and been escorted out of the residence by police, [Retallick] may have indeed identified Febus as the tall, skinny black or Puerto Rican male. . . .
>
> 29. . . . [Mr.] Melendez . . . drove Febus to a mutual friend's house. At the friend's house, Febus admitted he killed a man and [Appellant] had been arrested for it.

---

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

*Id.* at 8-9 ¶¶ 22-25, 27, 29. Appellant does not plead why he was unable to discover evidence of Febus's interactions with Mr. Melendez and Mr. Hough earlier. *See generally id.*

On March 19, 2019, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907, and, on April 22, 2019, it dismissed Appellant's petition. On May 1, 2019, Appellant filed this timely appeal.[5]

Appellant now presents the following issue for our review:

> Did the PCRA [c]ourt err by dismissing [Appellant]'s petition without considering the entirety of [Appellant]'s newly discovered evidence proffer?

Appellant's Brief at 2.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." ***Commonwealth v. Medina***, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018)).

The timeliness of a PCRA petition is jurisdictional. ***Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008). In the current action, the PCRA court concluded that it lacked jurisdiction over Appellant's sixth PCRA petition, finding that the petition was untimely and that the allegedly newly-discovered

---

[5] The PCRA court did not request and Appellant did not file a statement of errors complained of on appeal. The PCRA court entered its opinion on November 18, 2019.

evidence proffered by Appellant was hearsay and cumulative, thereby failing to satisfy an exception to the PCRA's time bar. PCRA Court Opinion, dated November 18, 2019, at 4-5.

"The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." **Commonwealth v. Fennell**, 180 A.3d 778, 782 (Pa. Super. 2018) (*en banc*) (citation omitted). However, Appellant's current PCRA petition did not plead, let alone prove, that evidence of Febus's movements could not have been ascertained by the exercise of due diligence. **See generally** PCRA Petition, 4/11/2018. The PCRA petition further does not explain who Mr. Melendez and Mr. Hough are, how they know Appellant or Febus, or why they are just coming forward with this evidence now -- over two decades after Appellant's conviction – even though Appellant acknowledges that Mr. Melendez, at least, knew that Appellant had been arrested for the crime shortly after it happened. **Id.** at 9 ¶ 29. As Appellant has failed to explain who these witnesses are, how he found out about them, or why they are coming forward now, he has failed to prove that he "could not have learned those facts earlier by the exercise of due diligence." **Fennell**, 180 A.3d at 782.

Furthermore, any petition attempting to invoke the three exceptions to the time limitations "shall be filed within 60 days of the date the claim could

- 6 -

have been presented." 42 Pa.C.S. § 9545(b)(2).[6] According to Appellant's PCRA petition, he "has recently learned" of the "newly discovered evidence" pleaded therein. PCRA Petition, 4/11/2018, at 8 ¶¶ 22-23. He does not provide a more specific timeframe. Consequently, Appellant has failed to plead or to prove when he learned of these alleged new facts, and, ergo, he has not fulfilled the statutory requirement that a PCRA petition invoking an exception to the time bar must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

For the reasons give above, we affirm the denial of relief on Appellant's current petition, albeit on different grounds. *Commonwealth v. Beatty*, 207 A.3d 957, 964 (Pa. Super.) (citing *Commonwealth v. Reese*, 31 A.3d 708, 727 (Pa. Super. 2011) (*en banc*) (appellate court may affirm on any basis as long as ultimate decision is correct)), *appeal denied*, 218 A.3d 850 (Pa. 2019).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/20

---

[6] Section 9545(b)(2) was revised to allow one year from the date the claim could have been presented, effective December 24, 2018. However, the 60-day time limit remains applicable to Appellant's petition, which was filed prior to this amendment, on April 11, 2018.