J-A26042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN JACKSON | : | |
| | : | |
| Appellant | : | No. 552 EDA 2021 |

Appeal from the PCRA Order Entered February 24, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0203341-2004

BEFORE: BOWES, J., KING, J., and PELLEGRINI, J.*

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:

**FILED FEBRUARY 22, 2023**

I respectfully dissent. Although I concur in the Majority's holdings to

the extent that it affirms the PCRA court's order, I cannot join the Majority's

conclusion that the allegations presented in the affidavit of Rashan Dixon merit

further proceedings. To the contrary, I would conclude that Appellant has

failed to establish that he acted with the requisite due diligence pursuant to

42 Pa.C.S. § 9545(b)(1)(ii) (requiring a PCRA petitioner to allege and prove

"the facts upon which the claim is predicated were unknown to the petitioner

and could not have been ascertained by the exercise of due diligence").

The Majority's analysis understandably focuses upon the PCRA court's

conclusion that the allegations in Dixon's affidavit were inadmissible hearsay

---

* Retired Senior Judge assigned to the Superior Court.

and, consequently, could not satisfy the above-noted timeliness exception. *See* Majority Memorandum at 16-21; Trial Court Opinion, 4/1/22, at 18-19. However, I remain mindful that this Court may affirm the holding of the PCRA court on any legally valid reason that is supported by the record. *See Commonwealth v. Parker*, 249 A.3d 590, 595 (Pa.Super. 2021).

As noted above, my concern arises with respect to the requirements of § 9545(b)(1)(ii), which this Court has delineated as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. **A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.** Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

*Commonwealth v. Fennell*, 180 A.3d 778, 782 (Pa.Super. 2018) (emphasis in original). Even in the context of claims arising pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), a PCRA petitioner invoking § 9545(b)(1)(ii) bears the responsibility of establishing due diligence. *See Commonwealth v. Porter*, 35 A.3d 4, 21-22 (Pa. 2012).

Despite this well-recognized burden of proof, my review of the certified record reveals that Appellant has remained utterly circumspect concerning the circumstances under which he: (1) first learned that Dixon possessed allegedly exculpatory information; and (2) obtained an affidavit attesting to that

information. *See* Amended *Pro Se* PCRA Petition, 10/31/19, at 10 ("Rashan Dixon is an individual who was unknown to [Appellant] who now presents information pertaining to [Appellant] having personal knowledge of the actual perpetrators of the crime [Appellant] stands convicted of."); Supplemental PCRA Petition, 11/21/19, at ¶ 3 ("On August 23, 2019, [Appellant] received a signed affidavit from [Dixon.]"). Even viewed charitably, these statements offer nothing by way of salient details or specifics.

Respectfully, I find such bald averments to be an inadequate basis upon which to find that Appellant acted with due diligence. In the absence of any substantive factual discussion by Appellant, this Court can only speculate as to when and how Appellant first met Dixon, how long they were incarcerated together before Appellant learned that Dixon possessed exculpatory information, or what steps, if any, Appellant took in the intervening years to seek out such evidence and thereby safeguard his rights under the PCRA.

Under the strict interpretation of § 9545(b)(1)(ii) promulgated by our precedent, I would conclude that Appellant has failed to establish the existence of due diligence with respect to Dixon's proffered testimony. *See* ***Porter***, ***supra*** at 21-22 (finding ***Brady*** allegation raised in serial PCRA petition was untimely and not subject to § 9545(b)(1)(ii) where the petitioner "offered no explanation of why, with the exercise of due diligence, the information . . . could not have been discovered" in years-long gap between conviction and revelation). Thus, I would affirm the PCRA court *in toto*.

Based on the foregoing, I respectfully dissent as to the holding regarding Dixon's affidavit.  In all other respects, I join the learned Majority.