J-S52025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RANDY EUGENE RAMER, SR. | : | |
| | : | |
| Appellant | : | No. 638 MDA 2018 |

Appeal from the PCRA Order Entered March 21, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0006173-2013

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:      **FILED: NOVEMBER 9, 2018**

Randy Eugene Ramer, Sr. appeals the order dismissing as untimely his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. He maintains that his Sexually Violent Predator ("SVP") designation is unconstitutional and his sentence is illegal. We affirm.

The procedural history of this case is as follows. On September 25, 2014, Ramer pled guilty to a number of sex crimes. The trial court designated him as an SVP and sentenced him to eight to 20 years' incarceration and applied the requirements of the Sex Offender Registration and Notification Act ("SORNA"). Ramer did not file a direct appeal. In August 2017, Ramer filed his first *pro se* PCRA petition, which gave rise to this appeal. The PCRA court appointed counsel, who filed an amended petition.

In his amended petition, Ramer acknowledged that the petition was untimely but argued that a time-bar exception applied, *i.e.*, a newly

_____

* Retired Senior Judge assigned to the Superior Court.

recognized constitutional right that applies retroactively. *See* Amended PCRA Petition, filed 10/3/17, ¶¶ 7, 9; *see also* 42 Pa.C.S.A. § 9545(b)(1)(iii). Since he committed his crimes prior to the enactment of SORNA, Ramer argued that it was illegal for the trial court to sentence him to the requirements of SORNA. *See* Amended PCRA Petition, at ¶ 11. Accordingly, he argued that he satisfied Section 9545(b)(1)(iii) based on the holding of *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). *Id.*

The trial court in *Muniz* applied SORNA's registration requirements to Muniz even though his sex offenses were committed prior to the enactment of SORNA. *Muniz*, 164 A.3d at 1193. This Court affirmed but our Supreme Court reversed and held that the retroactive application of SORNA's registration provisions was unconstitutional under both federal and state law. *Id.* at 1193-94.

Here, after reviewing the petition, the trial court issued notice of its intent to dismiss the petition without a hearing. *See* Pa.R.Crim.P. 907. It later dismissed the petition concluding that while *Muniz* applied to Ramer's case, no relief was due since he would have been subject to the same registration requirements in effect at the time of his offenses, *i.e.*, lifetime registration. *See* Trial Court Memorandum Opinion, filed 2/16/18, at 3. This timely appeal followed.

On appeal, Ramer raises two issues for our review:

I.    Whether the Commonwealth failed to present sufficient evidence to prove that [Ramer] is a Sexually Violent

Predator (SVP), and whether the determination is unconstitutional?

II.     Whether [Ramer] was sentenced to an illegal sentence?

Ramer's Br. at 4 (suggested answers omitted).

The PCRA's one-year time-bar is jurisdictional in nature and as such, we must address the timeliness of Ramer's petition, before we can reach the merits of Ramer's claims. **See Commonwealth v. Fennell**, 180 A.3d 778, 781 (Pa.Super. 2018) (*en banc*). A timely petition is one that a petitioner files within one year of the judgment of sentence being final, unless one of the statutory time-bar exceptions applies. **See Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018). "[A] judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). If a petitioner fails to file a timely petition, the trial court is without jurisdiction to hear the petition. **Fennell**, 180 A.3d at 786.

A petitioner bears the burden of pleading and proving that one of the time-bar exceptions applies. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). These exceptions include: (1) the failure to raise the claim was the result of illegal interference by government officials; (2) the facts of the claim(s) were unknown and could not have be ascertained through due diligence; or (3) a newly recognized Constitutional right recognized by the United States Supreme Court or the Supreme Court of Pennsylvania that has been held to

apply retroactively. *Id*. A petitioner must raise the time-bar exception within 60 days of the date the claim could have been raised. *See* 42 Pa.C.S.A. § 9545(b)(2). "Although legality of sentence is subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999).

Here, Ramer's judgment of sentence became final on October 27, 2014, after his time to appeal to this Court expired.[1] Therefore, he had until October 27, 2015 to file a timely PCRA petition. Thus, the instant petition filed on August 18, 2017 is untimely unless one of the exceptions applies. As noted above, Ramer's PCRA petition claimed relief under the newly recognized constitutional right time-bar exception, citing to *Muniz's* holding. However, his brief on appeal avoids any discussion of the timeliness of his petition. He has thus abandoned that argument on appeal, and in so doing, fails to establish his petition was timely.

Moreover, the newly recognized constitutional right exception would not apply here. For a "new" constitutional right to qualify as an exception to the

---

[1] The 30-day period for Ramer to file a direct appeal to this Court expired on Saturday, October 25, 2014. He therefore had until the following Monday, October 27, 2014 to file a timely appeal. *See* 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday . . . such day shall be omitted from the computation.").

PCRA's time-bar, either the United States Supreme Court or Pennsylvania Supreme Court must have determined that the "new" right applies retroactively. Since neither the Pennsylvania Supreme Court nor the United States Supreme Court has held that *Muniz* applies retroactively to untimely claims on collateral review, no relief is due. *See Commonwealth v. Murphy*, 180 A.3d 402, 405-06 (Pa.Super. 2018).

Furthermore, Ramer's reliance on *Commonwealth v. Butler*, 173 A.3d 1212, 1218 (Pa.Super. 2017), *appeal granted*, 2018 WL 3633945 (Pa. 2018), is misplaced as *Butler* does not relieve him of the requirement to satisfy at least one of the time-bar exceptions. *See* Ramer's Br. at 10-11. As is the case with *Muniz*, neither the United States Supreme Court nor our Supreme Court has held that *Butler* applies retroactively.

Ramer's petition is untimely and fails to satisfy any of the time-bar exceptions. Thus, we affirm the denial of his PCRA petition. *See Commonwealth v. Grove*, 170 A.3d 1127, 1139 (Pa.Super. 2017) (appellate court may affirm decision of PCRA court on any basis).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/9/2018