J-S24012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JESUS SIERRA | : | |
| | : | |
| Appellant | : | No. 399 EDA 2018 |

Appeal from the PCRA Order February 1, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0501601-2001

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.: **FILED MAY 30, 2019**

Jesus Sierra appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his second petition for relief filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Following a road rage incident, Sierra was tried *in absentia* for attempted murder,[1] aggravated assault,[2] criminal conspiracy,[3] carrying a firearm without a license,[4] and possessing an instrument of crime.[5] On March 27, 2002, the

_____

[1] 18 Pa.C.S.A. §§ 901, 2502.

[2] 18 Pa.C.S.A. § 2702.

[3] 18 Pa.C.S.A. § 903.

[4] 18 Pa.C.S.A. § 6106.

[5] 18 Pa.C.S.A. § 903.

_____

* Former Justice specially assigned to the Superior Court.

court imposed an aggregate sentence of thirty to sixty years' incarceration.

The PCRA court summarized the relevant facts as follows:

> On August 12, 2000, around 3:30 a.m., victim Charles Plunkett was driving a taxi with his fiancée, Virginia Zayas, next to him in the car. He was waiting at the intersection of Front and Cambria Streets in Philadelphia behind a white van that was stopped at the traffic light. The van, driven by [Sierra,] did not move when the light turned green. [Sierra] was seated in the driver seat, Paul Forsyth was in the front passenger's seat, Felix Gonzalez was seated directly behind the driver's seat, and an unidentified third passenger was also in the van.
>
> After the light turned green a second or third time, and the van still failed to move, Mr. Plunkett sounded his taxi's car horn. The van then turned right onto Front Street. Mr. Plunkett followed and drove up alongside the van. He rolled down his window and asked [Sierra] if he was okay. [Sierra] responded by asking Mr. Plunkett "if he had a fucking problem." [Sierra] then told a passenger in his car to hand him "the gun." Upon hearing this, Mr. Plunkett sped away and pushed Ms. Zayas to the car floor. [Sierra] followed in the van and fired five gunshots into the taxi. The bullets shattered the taxi's back window, and at least one bullet lodged in the bulletproof divider separating the front and back seats. Mr. Plunkett radioed for help to his dispatcher and was immediately put in contact with police. [Sierra] drove away.

Trial Court Opinion, 6/25/18, at 1-2.

Sierra was apprehended on October 26, 2004, and began serving his sentence. He did not file a direct appeal.[6] However, he filed his first PCRA

---

[6] Sierra forfeited his right to a direct appeal because he was a fugitive until after the expiration of time for filing a direct appeal. **See Commonwealth v. Adams**, 200 A.3d 944, 954 (Pa. 2019) (finding that a fugitive forfeited his right to appeal when he was a fugitive until after the appeal period ended even though his attorney filed a notice of appeal); **see also Commonwealth v. Deemer**, 705 A.2d 827, 829 (Pa. 1997) (finding that a "fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return: if time for filing has elapsed, he may not file").

petition in 2005, which was ultimately unsuccessful. He filed his second PCRA petition on June 8, 2016. On February 1, 2018, the PCRA court dismissed the second petition as untimely and this appeal followed.

Sierra raises two issues for our review:

1. Did the PCRA Court err by dismissing [Sierra's] petition without a hearing where he adequately pleaded the newly[-]discovered [facts] exception to the time bar and issues of material fact exist?

2. Did the PCRA Court err by dismissing [Sierra's] petition as untimely where his sentence is twice the statutorily allowed maximum?

Appellant's Brief, at 4.

Before addressing the merits of Sierra's claims, we must examine whether we have jurisdiction to entertain the underlying PCRA petition. *See* *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003) (citation omitted). A PCRA petition "must normally be filed within one year of the date the judgment becomes final." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa. 2007) (internal citations and footnote omitted). This time limit is jurisdictional in nature and implicates the court's power to adjudicate a controversy. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Thus, the time for filing a PCRA petition can only be extended by

operation of one of the statutorily enumerated exceptions. ***Commonwealth***

***v. Smallwood***, 155 A.3d 1054, 1059-60 (Pa. Super. 2017).

> The three statutory timeliness exceptions are:
>
> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Once the petitioner could have known an

above exception applies, he has 60 days to file a petition. ***See*** 42 Pa.C.S.A.

§ 9545(b)(2) (amended 2018).[7]

Here, Sierra was sentenced on March 27, 2002. He did not file a direct

appeal, thus his judgment of sentence became final on April 27, 2002. Sierra

filed this petition on June 8, 2016, well outside the required one-year time

limit. Nevertheless, Sierra argues his petition was timely under

newly-discovered facts exception.

> The timeliness exception set forth in [s]ection 9545(b)(1)(ii) requires a petitioner to demonstrate he did not

---

[7] In 2018, the time period of 60 days was changed to 1 year in section 9545(b)(ii). The new time period only applies to claims arising one year before the effective date of the amendment. 2018 Pa. Laws. 146. The amendment became effective on December 24, 2018. ***See id.*** This claim arose in 2002, thus, the previous time period of 60 days applies.

know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. ***A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced***. Additionally, the focus of this exception is on the newly[-]discovered facts, not on a newly[-]discovered or newly willing source for previously known facts.

***Commonwealth v. Fennell***, 180 A.3d 778, 782 (Pa. Super. 2018) (*en banc*) (emphasis in original) (quoting ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015)).

Sierra claims a previously unavailable witness is now willing to testify to the night's events. In an affidavit attached to Sierra's amended PCRA petition, the witness, Felix Gonzalez, asserts that he was in the vehicle with Sierra the night of the incident. ***See*** Gonzalez Affidavit, (date unintelligible, exhibit B of amended PCRA petition, 10/9/16), at ¶ 2. He is now willing to testify that Sierra did not have a gun, and the victim was the one who fired the weapon. ***Id.*** at ¶ 5. Gonzalez did not testify at trial because of potential self-incrimination.

While it may be true that Gonzalez's willingness to testify is new, none of the facts offered by Gonzalez were unavailable to Sierra at the time of trial. The newly-available witness is merely a new *source* of that information; there is no newly-discovered fact. ***See Fennel***, 180 A.3d at 782. Thus, Sierra has failed to demonstrate that he meets the newly-discovered fact exception to

the PCRA. *See id.* The PCRA court lacked jurisdiction to consider the merits of the petition and properly dismissed the petition.

Sierra's second argument is a legality of sentencing claim. While a legality of sentencing claim cannot be waived, a court must still have jurisdiction to hear such a claim. *Fahy*, 737 A.2d at 223. An legality of sentencing claim must also satisfy the PCRA's timeliness requirements or meet one of its exceptions. *Id.* Based on the reasoning above, the PCRA court did not have jurisdiction to entertain this claim and properly dismissed it.

Having disposed of the arguments offered by Sierra, we conclude that the PCRA court properly dismissed Sierra's petition as untimely and that it had no jurisdiction to review the merits of Sierra's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/30/19