J-S38037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES RUSHING | : | |
| | : | |
| Appellant | : | No. 964 EDA 2019 |

Appeal from the PCRA Order Entered March 7, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001801-2015

BEFORE:  OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                     **FILED JULY 30, 2019**

Appellant, James Rushing, *pro se*, appeals from the order entered March 7, 2019, that dismissed his first petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  We affirm.

On August 17, 2015, Appellant pleaded guilty to two counts of criminal trespass and one count each of:  persons not to possess, use, manufacture, control, sell or transfer firearms; and possession of firearm with altered manufacturer's number.[2]  On the same day, he was sentenced to 48 to 96 months of confinement.  Appellant did not file post-sentence motions or a direct appeal.

_____

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 3503(a)(1)(ii), 6105(a)(1), and 6110.2(a), respectively.

* Retired Senior Judge assigned to the Superior Court.

On August 14, 2018, Appellant filed his first, *pro se* PCRA petition, contending that his arresting officer perjured himself in the affidavit of probable cause attached to the criminal complaint. The petition pleaded that "[a] contrary [fact] to [those in the] affidavit was made known to [Appellant] by the [**Delaware County Daily**] **Times** newspaper article from 12-18-14 that [he] received from a family member on 6-18-18 which led to further research and understanding of [his] discovery[.]" PCRA Petition, 8/14/2018, at 4. The petition alleged that the facts reported in the newspaper article and the factual averments in the affidavit of probable cause "as to what lead to [Appellant's] whereabouts, description and apprehension" are contradictory and that the arresting officer hence committed perjury. *Id.*

Appellant concedes that his petition is untimely but argues that it qualifies for the "after-discovered evidence" exception to the PCRA time bar, because the following facts were unknown to him: "That the arresting officer/sworn affiant committed perjury and intentionally provided untrue allegations on the face of their affidavit as to what truly led to [Appellant's] apprehension on 12-17-14 and that the prima facie is not fact but false and invalid." *Id.* at 3.

On August 21, 2018, the PCRA court appointed counsel to represent Appellant. On January 31, 2019, PCRA counsel filed a motion to withdraw and a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en*

*banc*). PCRA counsel sent a copy of both his motion to withdraw and "no merit" letter to Appellant; the "no merit" letter informed Appellant that, if he "wishes to address [the PCRA c]ourt concerning the issues raised within this Motion, any issues discussed within this letter, or any other issues, he must do so now either on his own or through a privately retained attorney." "No Merit" Letter, 1/31/2019, at 4.

On February 5, 2019, the PCRA court granted counsel's motion to withdraw and entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a response. The response did not request to amend the PCRA petition.

On March 7, 2019, the PCRA court dismissed Appellant's petition. The PCRA court concluded that it lacked jurisdiction, because the petition was untimely and failed to satisfy an exception to the PCRA's time bar. On March 18, 2019, Appellant filed this timely appeal.[3]

---

[3] On March 19, 2019, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days of the date of the order. The order stated: "This Statement must be served upon the court pursuant to 1925(b)(1) **and must also be filed of record**." Order, 3/19/2019, at ¶ 1 (emphasis added).

No concise statement appears in the certified record or is listed on the docket. However, the PCRA court quotes a concise statement in its opinion dated April 29, 2019. PCRA Court Opinion, filed April 29, 2019, at 2-4. Thus, we believe that Appellant mailed his concise statement directly to the chambers of the PCRA court judge and never filed it on the record. Nevertheless, we choose not to find waiver for failure to file the concise statement of record, because the PCRA court judge received a copy of it and was aware of the challenges being raised by Appellant when writing the court's opinion.

- 3 -

Appellant presents the following issues for our review:

A)    Is perjury an illegality?

B)    Is fraud an illegality?

C)    Does perjury and fraud used to obtain evidence, taints the evidence?

D)    Does perjury and fraud used to obtain a plea, taints the plea?

E)    Does perjury and fraud used to obtain a conviction, taints the conviction?

F)    Is perjury and fraud used to restrain ones liberty a direct violation of the United States Constitutional Laws and Laws of Pennsylvania's Commonwealth?

G)    Is known to be false testimony presented by a witness and allowed to go uncorrected consistent with the affirmative duties of a prosecutor?

H)    Is known to be false testimony presented by a witness and allowed to go without objection consistent with the duties of a competent defense counsel?

I)    Is known to be false evidence intentionally presented, misrepresented and misleading to a Court a "fraud upon the Court", "the jury" and "the people of this Commonwealth"?

J)    Is an arrest, evidence, plea and conviction obtained result of an illegality to be considered null and void?

K)    Should this case and its entirety be vacated and or granted a new trial result of the obvious "fraud upon the Court", which is an illegality that was committed in the infancy of this matter?

Appellant's Brief at 7 (suggested answers omitted).

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." *Commonwealth v. Medina*, 2019 PA Super 119, *8 (filed April 17, 2019) (quoting *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018)).

- 4 -

Preliminarily, we must determine whether this appeal is properly before us. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in section 9545(b) of the statute. *See* 42 Pa.C.S. § 9545(b)(1).[4] Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2).[5]

---

[4] The three exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

[5] Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, changed the timeframe of 42 Pa.C.S. § 9545(b)(2) from 60 days to one year. The change was effective on December 24, 2018, and applied retroactively to claims arising on December 24, 2017, or thereafter. Appellant's instant PCRA petition is

- 5 -

In the current action, Appellant's judgment of sentence became final 30 days after his sentencing – *i.e.*, 30 days after August 17, 2015, which was September 16, 2015. Pa.R.A.P. 903(a). Appellant had one year thereafter to file a PCRA petition – *i.e.*, until September 16, 2016. 42 Pa.C.S. § 9545(b)(1). Appellant filed the current petition on August 14, 2018, more than 22 months late. Therefore, Appellant's petition was patently untimely.

In his PCRA petition, Appellant attempted to circumvent the time bar by asserting the "after-discovered evidence" exception under subsection 9545(b)(1)(ii). PCRA Petition, 8/14/2018, at 3. Nonetheless, Appellant makes no argument about the PCRA time bar in his brief to this Court and therefore has abandoned any claim that his petition qualifies for an exception to the time bar.

Assuming we were to analyze the exception raised in Appellant's PCRA petition, we would still find that the exception pursuant to 42 Pa.C.S. § 9545(b)(1)(ii) was inapplicable to Appellant's claim. "The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Fennell***, 180 A.3d 778, 782 (Pa. Super. 2018) (*en banc*) (citation omitted). Appellant's petition is predicated upon a newspaper article

_____

predicated upon an article dated December 18, 2014. Thus, the expansion of time to file a claim to one year does not apply to the instant petition.

- 6 -

dated December 18, 2014, prior to Appellant's guilty plea. Appellant has failed to demonstrate why he could not have learned of facts publically available in a community newspaper by the exercise of due diligence. *Id.* Additionally, Appellant's PCRA petition from August 2018 was clearly not filed within 60 days of the date the claim based upon the December 2014 article first could have been presented as required by 42 Pa.C.S. § 9545(b)(2). Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claim and properly dismissed his petition.[6]

Having discerned no error of law, we affirm the order below. *See Medina*, 2019 PA Super 119, *8.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/19

---

[6] Assuming *arguendo* that the PCRA petition were not time-barred, Appellant would still not be entitled to relief, because the December 2014 newspaper article on which his claim is founded is not admissible evidence. *See Commonwealth v. Castro*, 93 A.3d 818, 823, 826 (Pa. 2014) ("newspaper articles generally do not constitute evidence because they are largely comprised of inadmissible hearsay"; allegations in a newspaper article are "merely one reporter's version of a story; indeed, it is double hearsay, as it is the reporter relaying what he or she has been told by another person").