J-S56013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA
              v.

JOHN DWYER

          Appellant

:   IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
:
:
:
:
:
:
:
:
:
:   No. 2823 EDA 2019

Appeal from the PCRA Order Entered August 23, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0205711-2002

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:        **FILED MARCH 10, 2021**

Appellant, John Dwyer, appeals from the post-conviction court's August 23, 2019 order dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

We need not set forth the relevant facts and procedural history of this case here, as the PCRA court provided an adequate summary of both in its February 24, 2020 opinion pursuant to Pa.R.A.P. 1925(a). *See* PCRA Court Opinion (PCO), 2/24/20, at 1-3. Presently, Appellant raises a single issue for our review:

> Did the PCRA court abuse its discretion in dismissing Appellant's claim without an evidentiary hearing where he properly pled and proved he was entitled to relief based on newly and after[-]discovered evidence of police misconduct and coercion employed during Darnell Scott and his son's statements?

---

[*] Retired Senior Judge assigned to the Superior Court.

J-S56013-20

Appellant's Brief at 2.

We have reviewed the thorough and well-reasoned opinion issued by the Honorable Sheila Woods-Skipper of the Court of Common Pleas of Philadelphia County. We conclude that Judge Woods-Skipper's opinion accurately and thoroughly disposes of the issue raised by Appellant. Accordingly, we adopt her opinion as our own with respect to the issue Appellant raises on appeal.[1]

Order affirmed.

---

[1] We clarify, however, that Darnell Scott Sr.'s affidavit only stated that **he** did not give consent for police to interview his son. In his affidavit, Mr. Scott Sr. did not deny that his son's grandmother gave consent for the interview. Instead, Mr. Scott Sr. only asserted therein that the grandmother was not his son's parent and could not give consent. Appellant does not set forth legal authority in his brief to support his claims that the grandmother could not have given valid consent, and/or that a lack of valid consent would have rendered the son's statement inadmissible at trial. **See** Commonwealth's Brief at 13.

In addition, we note our agreement with the Commonwealth that Appellant's alleged new evidence was unlikely to have changed the result at trial, given that Daryl Nelson also identified Appellant as the shooter. **See id.** (citation omitted).

- 2 -

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 3/10/2021*

## IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
## CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :
     :
    v.            :     CP-51-CR-0205711-2002
     :
     :
JOHN DWYER         :     PCRA APPEAL
     :     **FILED**
     :
DOCKET NO. 2823 EDA 2019     :     FEB 24 2020

Appeals/Post Trial
Office of Judicial Records

**OPINION**

Appellant, John Dwyer, appeals the dismissal of his petition for relief

pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541 et seq. (PCRA).

On August 23, 2019, following a thorough review of appellant's filings, the

Commonwealth's motion to dismiss, the record, the response to the Rule 907

Notice and the applicable case law, appellant's petition was dismissed without

a hearing. A summary of the relevant facts and procedural history follows.

On, September 24, 2003, following a jury trial, Appellant was convicted

of first degree murder and possession of an instrument of crime, and sentenced

to life imprisonment.[1] On August 16, 2004, the Superior Court affirmed the

judgment of sentence (3249 EDA 2003). Appellant's timely filed first petition for

PCRA relief was dismissed without a hearing on September 28, 2005.

Dismissal was affirmed by the Superior Court on December 27, 2006 (3057

EDA 2005), and the petition for allowance of appeal to the Pennsylvania

---

[1] 18 Pa.C.S. § 2502; 18 Pa.C.S. §903

1

Supreme Court was denied on September 11, 2007 (38 EAL 2007). On August 23, 2012, Appellant filed a second PCRA petition alleging that he was entitled to relief based upon the United States Supreme Court's decision in Miller v. Alabama, 132 S. Ct. 2555 (2012).[2] The petition was dismissed as untimely on July 30, 2018.[3] Appellant did not appeal.

On February 19, 2019, Appellant, through counsel, filed this, his third petition for PCRA relief, alleging newly discovered facts, specifically, that Darnell Scott Sr. (Scott Sr.), father of Darnell Scott, Jr. (Scott Jr.), a key Commonwealth witness, had never given consent for Homicide Detectives to speak with his minor son. Scott Sr. further claimed that Homicide Detective Thomas Augustine and another detective lied to him about obtaining consent from other family members and returning Scott Jr. to his grandmother's house. On July 19, 2019, the Commonwealth filed its motion to dismiss alleging that the Appellant's claims failed to meet the requirements for after discovered facts. The Court reviewed Appellant's filings, the Commonwealth's motion to dismiss and the controlling law and determined that Appellant was not entitled to PCRA relief. On July 24, 2019, a Rule 907 Notice of Intent to Dismiss was filed and served on Appellant. On August 14, 2019, Appellant filed a response claiming that he had met the burden of pleading an exception to the PCRA time

---

[2] Miller v. Alabama held that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments. Appellant was over 18 at the time of his crime.

[3] This PCRA petition was dismissed by the Honorable Genece Brinkley.

2

bar. The Court determined otherwise and on August 23, 2019, Appellant's petition for PCRA relief was dismissed without a hearing. This appeal followed.

The standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error. Commonwealth v. Ali, 86 A.3d 173, 176–77, 624 Pa. 309, 315–16 (Pa. 2014). The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa. Super. 2013). That Appellant's petition is facially untimely is undisputed. He attempts to invoke the "newly-discovered facts" exception to the PCRA timeliness requirement. This timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Commonwealth v. Fennell, 180 A.3d 778, 781–82 (Pa. Super. 2018). Due diligence demands that the petitioner take reasonable steps to protect his own interests. It requires reasonable efforts by the petitioner, based on the particular circumstances to uncover facts that may support a claim for collateral relief. Commonwealth v. Shiloh, 170 A.3d 553, 558 (Pa. Super. 2017). As such, the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented. This rule is strictly enforced. Commonwealth v. Fennell, 180 A.3d 778, supra.

Appellant states in his petition for relief that, prompted by seeing multiple news sources reporting on alleged coercive interrogation techniques

3

employed by Philadelphia Homicide Detectives, he hired an investigator who obtained an affidavit from Darnell Scott Sr. indicating that Scott Sr. did not give Homicide Detectives permission to interview his then 12 year old son, Scott Jr., and that Detectives lied about obtaining consent from his son's grandmother and about returning Scott Jr. to his grandmother's house. Appellant claims that, until December 21, 2018, he was unaware that Scott Jr.'s, "coerced interview was taken without consent of a guardian," and that he could not have known "until he learned of the Homicide Unit's penchant for coercing untrue statements from witnesses." (PCRA Petition ¶ 29) Therefore, Appellant asserts, Scott' Sr.'s affidavit indicating that he did not give consent is a newly discovered fact sufficient to meet his burden under Section 9545(b)(1)(ii). The Court disagrees.

The newly discovered facts exception to the PCRA time limitations requires [Appellant] to allege and prove that there were facts that were unknown to him and that he could not have ascertained those facts by the exercise of due diligence. Appellant alleges that Scott Sr. did not give consent to interview Scott Jr. and that Detectives lied when they told him that they took Scott Jr. to his grandmother's house following the interview, as proven by Scott Sr.'s affidavit, and that Appellant could not have uncovered these facts through the exercise of reasonable diligence. Appellant asks this Court to presume coercion on the part of Homicide Detectives simply because of the newspaper reports and Scott Sr.'s claims that he did not give consent. However, no examples of potential coercive behaviors by the Detectives involved with this

4

case have been identified in the petition, and therefore, the issue of consent to interview Scott Jr. is of no moment. Moreover, this issue was raised at trial with ample cross-examination by defense counsel. Detective Augustine testified that Scott Sr. gave consent to have Scott Jr. interviewed. (N.T. 09/23/03 pg. 125, 132-133) Scott Jr. testified that, while he could not remember the exact circumstances, his grandmother was present when he went to be interviewed. (N.T. 09/23/03 pg. 121-123) Defense counsel challenged the Detectives' testimony on cross examination. Appellant could certainly have ascertained at that time whether Scott Sr. had given consent. Accordingly, the Court is without jurisdiction to address Appellant's claims. See Commonwealth v. Mitchell, 141 A.3d 1277, 1284, 636 Pa. 233, 244 (Pa. 2016)(The court cannot ignore a petition's untimeliness and reach the merits of the petition.).

Assuming, *arguendo,* that appellant has invoked the Court's jurisdiction in that the basis of his claim for relief was unknown to him and could not have been ascertained by the exercise of due diligence, no relief is due. To prevail on a petition for a new trial on the basis of after-discovered evidence, Appellant is required to produce admissible evidence, discovered after trial, that: (1) could not have been obtained prior to the end of trial with the exercise of reasonable diligence; (2) is not merely corroborative or cumulative evidence; (3) is not merely impeachment evidence; and (4) is of such a nature that its use will likely result in a different verdict on retrial. Commonwealth v. Small, 189 A.3d 961, 972 (Pa. 2018). The test is conjunctive; the appellant must show by a preponderance of the evidence that each of these factors has been met in order

for a new trial to be warranted. Commonwealth v. Foreman, 55 A.3d 532, 537 (Pa. Super. 2012). As indicated above, Detective Augustine testified that Scott Sr. gave consent to have Scott Jr. interviewed. Therefore, the information in Scott Sr.'s affidavit, if believed, would only be used to impeach that testimony. Moreover, Scott Sr.'s affidavit does not deny that the grandmother, an interested adult, gave consent. Only that *he* (emphasis added) did not give consent, which is not likely to result in a different verdict upon retrial. Therefore, Appellant has failed to show, even if he were to overcome the PCRA time limitations, that he is entitled to relief. See Commonwealth v. Maddrey, 205 A.3d 323, 328 (Pa. Super. 2019)(It is well settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary.).

For the foregoing reason, Appellant's petition for relief was properly dismissed without a hearing.

BY THE COURT:

_____

SHEILA WOODS-SKIPPER, J.

6

for a new trial to be warranted. Commonwealth v. Foreman, 55 A.3d 532, 537 (Pa. Super. 2012). As indicated above, Detective Augustine testified that Scott Sr. gave consent to have Scott Jr. interviewed. Therefore, the information in Scott Sr.'s affidavit, if believed, would only be used to impeach that testimony. Moreover, Scott Sr.'s affidavit does not deny that the grandmother, an interested adult, gave consent. Only that *he* (emphasis added) did not give consent, which is not likely to result in a different verdict upon retrial. Therefore, Appellant has failed to show, even if he were to overcome the PCRA time limitations, that he is entitled to relief. See Commonwealth v. Maddrey, 205 A.3d 323, 328 (Pa. Super. 2019)(It is well settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary.).

For the foregoing reason, Appellant's petition for relief was properly dismissed without a hearing.

BY THE COURT:

SHEILA WOODS-SKIPPER, J.

CP-51-CR-0205711-2002 Comm. v Dwyer, John
Opinion

8458724911