J-S42006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEON PLATT | : | |
| | : | |
| Appellant | : | No. 713 WDA 2022 |

Appeal from the PCRA Order Entered May 19, 2022
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0001417-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEON PLATT | : | |
| | : | |
| Appellant | : | No. 714 WDA 2022 |

Appeal from the PCRA Order Entered May 19, 2022
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0001432-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEON PLATT | : | |
| | : | |
| Appellant | : | No. 715 WDA 2022 |

Appeal from the PCRA Order Entered May 19, 2022
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0001434-2013

J-S42006-22

BEFORE: BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.: FILED: January 19, 2023

Leon Platt appeals from the order that dismissed as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

The pertinent history of this case is as follows. In November 2013, Appellant engaged in several criminal acts with, or in the company of, seventeen-year-old Taylor Foley. Specifically, on November 11, 2013, Foley drove Appellant to a house for Appellant to fire gunshots into the building, and, two days later, she and Appellant fired shots around the West End Café, a local establishment. After the leaving the West End Café, Appellant and Foley gathered at the apartment of LaXavier Crumb along with Crumb, Richard Hogue ("the Victim"), and Foley's infant child. An argument between Appellant and the Victim ensued, which concluded with Appellant shooting and killing the Victim. Appellant was charged at the above docket numbers with various crimes related to the three incidents, including third-degree murder.

This Court summarized the subsequent events as follows:

> The case proceeded to trial on April 4, 2016. . . . Foley testified at Appellant's trial[1] that immediately before the shooting, she observed Appellant with a gun in his hand extended towards the Victim. Appellant continued to point the gun at the Victim while the two men argued. Foley further testified that she did not see who shot the Victim because she was looking at her son and covering his ears when she heard the gun discharge. In that testimony, she later implicated a different man in the shooting,

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

stating: "[Appellant] isn't the shooter.  You will never guess who it really is.  So free [Appellant].  [Crumb] deserves to be in jail."

_____

[1] Foley explained that she was subject to an immunity order pursuant to which her trial testimony could not be used as evidence against her.

On April 14, 2016, a jury convicted Appellant of [murder and other] charges.  On August 3, 2016, the trial court sentenced him to an aggregate term of not less than 22 nor more than 52 years' incarceration.  This Court affirmed Appellant's judgment of sentence on April 13, 2017, and our Supreme Court denied his petition for allowance of appeal on December 19, 2017.

[Appellant] filed [his first,] counseled PCRA petition on April 9, 2018, later amended.  [Appellant] asserted a right to relief based on Foley's purported recantation of her trial testimony in two recorded phone conversations that she had with him while he was in prison that he maintain[ed wa]s after-discovered exculpatory evidence entitling him to a new trial.  . . .

. . . Foley did not recant her trial testimony.  In fact, at the PCRA hearing, Foley refused to testify, instead asserting her Fifth Amendment right against self-incrimination.  [Appellant] did submit two conversations between himself and Foley on a recorded prison telephone line.  In the recordings, Foley "admitted she frequently lies to police and does not know why anyone would believe her."  She also stated, "I'm sorry but I had no choice, they held my son over my head."  Furthermore, at no point during the conversations did Foley explicitly state what portions of her trial testimony were false nor did she clearly indicate [Appellant] was innocent.

*Commonwealth v. Platt*, 227 A.3d 452 (Pa.Super. 2020) (unpublished memorandum at 3-6) (cleaned up).  Accordingly, we affirmed the PCRA court's determination that Appellant failed to establish a substantive after-discovered-evidence claim entitling him to relief, and our Supreme Court declined discretionary review.  *Id*. at 7, *appeal denied*, 237 A.3d 974 (Pa. 2020).

On January 21, 2022, Appellant filed at the above docket numbers the *pro se* PCRA petition at issue in the instant appeals. Therein, Appellant claimed that he "was in the law library and wanted to know the outcome of Taylor Foley's federal lawsuit decision" and discovered from Judge Patricia Dodge's memorandum opinion disposing of the case in federal court that Foley "got a deal to testify" in Appellant's case.[1] PCRA Petition, 1/21/22, at 3. Appellant attached to his petition a copy of the U.S. District Court's December 28, 2020 decision. He further asserted that his petition satisfied all three of the PCRA timeliness exceptions and requested the appointment of counsel. *Id*. at 3, 8.

The PCRA court entered an order appointing counsel for Appellant[2] and issuing a rule for the Commonwealth to show cause why a hearing should not be granted.[3] The Commonwealth responded by asserting that no hearing was warranted because Appellant's petition could not satisfy a timeliness exception

---

[1] In 2018, Foley sued Lawrence County, Lawrence County's Children and Youth Services, and the Lawrence County District Attorney alleging, *inter alia*, that the defendants kept Foley's child from her without due process until Foley testified in Appellant's trial. In the course of granting the defendants' motions for summary judgment on the federal claims, the court observed that "because of [Foley's] cooperation by testifying at [Appellant's] trial, some of her pending charges were resolved[.]" ***See Taylor F. v. Lawrence Cnty.***, CV 18-1397, 2020 WL 7695407 at *15 (W.D. Pa. Dec. 28, 2020).

[2] Initially-appointed counsel withdrew based upon a conflict of interest, and substitute counsel was appointed.

[3] By special appointment, the Commonwealth in these Lawrence County cases is represented by an attorney from the Butler County District Attorney's Office.

and, even if he could, he could not meet all the requirements to establish a substantive after-discovered-evidence claim.   The PCRA court agreed with the Commonwealth's contention that the petition was untimely and issued notice of its intent to dismiss it without a hearing pursuant to Pa.R.Crim.P. 907. Appellant's counsel, observing that Appellant had no right to counsel because this was not his first PCRA petition, filed a motion to withdraw, citing a communication breakdown and Appellant's statement that he was "not confident that counsel will represent him as an advocate[.]"   Motion to Withdraw, 4/12/22, at ¶¶ 2, 6.  The PCRA court granted counsel's motion and, after Appellant filed a *pro se* response to the Rule 907 notice, dismissed Appellant's petition by order of May 19, 2022.

The PCRA court appointed new counsel to assist Appellant on appeal, and this timely appeal followed.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.   Appellant presents the following questions for our determination:

> A.    Did the [PCRA] court error [*sic*] when it dismissed [Appellant's] PCRA petition as untimely given the ruling of **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017)?
>
> B.    Did the [PCRA] court error [*sic*] by dismissing [Appellant's] PCRA petition without a hearing and not granting him a new trial based off of the after discovered evidence that showed perjury, lack of competency, and a potential **Brady**[4] violation?

Appellant's brief at 6 (unnecessary capitalization omitted).

---

[4] **Brady v. Maryland**, 373 U.S. 83 (1963).

The following legal precepts govern our consideration of Appellant's issues. "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Williams*, 244 A.3d 1281, 1286 (Pa.Super. 2021). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id*. at 1286-87. Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

It is well-settled that, "[b]ecause the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition, we must start by examining the timeliness of Appellant's petition." *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014). Indeed, "no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa.Super. 2019). The PCRA provides as follows regarding the time for filing a petition:

Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 6 -

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, a petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's judgment of sentence became final on March 19, 2018, when the time expired for Appellant to file a *writ of certiorari* following our Supreme Court's December 19, 2017 denial of his petition for allowance of appeal. Accordingly, the instant petition, filed on January 21, 2022, is patently untimely. In his petition, Appellant invoked the § 9545(b)(1)(ii) newly-discovered-facts exception, citing as his new fact that the Commonwealth promised Foley "a deal" in exchange for her testimony.[5] PCRA Petition, 1/21/22, at 3.

This Court has explained as follows regarding the requirements of the at-issue exception:

> The timeliness exception set forth in [§] 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which

---

[5] Appellant also checked the boxes to assert the other two timeliness exceptions based upon this discovery of Foley's "deal." PCRA Petition, 1/21/22, at 3. However, Appellant does not advance arguments as to the applicability of those exceptions on appeal.

- 7 -

he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. **A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.** Additionally, the focus of this exception is on the newly-discovered facts, not on a newly-discovered or newly-willing source for previously known facts.

*Commonwealth v. Fennell*, 180 A.3d 778, 782 (Pa.Super. 2018) (internal quotation marks omitted, emphasis in original).

The PCRA court rejected Appellant's timeliness assertions on multiple bases. First, the court observed that Appellant merely indicated that he discovered the federal court opinion "just prior to" filing the instant petition without explaining why he could not have learned of it more promptly, as it was "apparent [Appellant] could have discovered the evidence . . . upon the issuance of Judge Dodge's Memorandum Opinion on December 28, 2020." PCRA Court Opinion, 7/15/22, at 5-6. Second, the PCRA court concluded that "[n]othing stated in Judge Dodge's Opinion constitutes newly[-]discovered evidence for the purposes of [§] 9545(b)(1)(ii)" because Appellant "was aware of Ms. Foley's allegations [that] her testimony at trial was the product of promises by the Commonwealth prior to Judge Dodge's Opinion and prior to his previous PCRA petition in 2019." *Id*. at 6.

Appellant argues that the PCRA court improperly rejected the applicability of § 9545(b)(1)(ii) based upon the public record presumption, which, until it was disavowed by our Supreme Court, provided that matters of public record were immediately knowable. *See* Appellant's brief at 25-28

(citing, *inter alia*, **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020)). Appellant contends that "he acted with appropriate due diligence in discovering the facts and filing his petition. **Id**. at 29. Appellant insists that incarcerated individuals sometimes do not even have access to their own case information, and the restrictions imposed during the COVID-19 pandemic further curtailed access. **Id**. at 30. He additionally posits that, since "Foley's federal lawsuit was not the type of case covered by major media outlets nor was it generally in the mind of the public[,] . . . it would have been very easy to miss Judge Dodge's Memorandum Opinion" even if Appellant had not been incarcerated. **Id**. at 29. Therefore, Appellant asserts that he should have been granted a hearing "to explain how he came across Judge Dodge's Memorandum Opinion and whether he acted with appropriate diligence given his incarceration." **Id**. at 30.

Appellant has failed to convince us that the PCRA court erred and that relief is due. The certified record establishes that Appellant was aware of Foley's federal lawsuit and its docketing information at the time he litigated his 2018 PCRA petition, as he attached the complaint to the amended petition. **See** Amended PCRA Petition, 12/31/18, at Exhibit A. In his witness certification filed therewith, Appellant indicated that he expected Foley to testify at the PCRA hearing consistent with that complaint, and that she received a sentence of time served and the return of her child in exchange for her testimony against Appellant. **Id**.

In the petition sub judice, Appellant failed to identify what previously-unknown facts about Foley's deal with the Commonwealth were contained in Judge Doge's opinion. Rather, it appears that he merely discovered a new source for previously known facts. **See Fennell**, supra at 782. Additionally, Appellant asserted merely bald allegations of due diligence. He failed to plead when he actually discovered the federal court opinion. As the Commonwealth aptly observes, Appellant also failed to flesh out his claim of due diligence by detailing "what steps he took, when he took those steps, how he took those steps[,] or how he was impeded in exercising the required due diligence." Commonwealth's brief at 7.

Hence, Appellant's petition did not identify new facts, specify what steps he took to ascertain them, or contain averments demonstrating that he filed the petition within one year of when he was first able to present his claim. In the absence of the factual averments that, if proven, would establish the applicability of § 9545(b)(1)(ii), Appellant was not entitled to a hearing on the timeliness exception. **Compare Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007) (remanding for a hearing where the PCRA petition included details of the facts that were unknown to the petitioner and what specific steps he took to learn them), **with Commonwealth v. Brown**, 111 A.3d 171, 178 (Pa.Super. 2015) (affirming dismissal of petition without a hearing where the petitioner failed to allege how he exercised due diligence).

Accordingly, the PCRA court properly ruled that Appellant's petition failed to sufficiently allege the newly-discovered-facts exception to the PCRA's one-year time bar. As a result, the PCRA court lacked jurisdiction to entertain the merits of Appellant's substantive after-discovered-evidence claim. *See*, *e.g.*, *id*. at 178-79. Consequently, we need not reach Appellant's second appellate issue.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2023