J-S37006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD CLARK | : | |
| | : | |
| Appellant | : | No. 2142 EDA 2021 |

Appeal from the PCRA Order Entered October 14, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1241151-1993

BEFORE:  BOWES, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY BOWES, J.:                   **FILED FEBRUARY 22, 2023**

Ronald Clark appeals from the order entered on October 14, 2021, wherein the trial court dismissed the PCRA petition as untimely.  We affirm.

On December 2, 1994, a jury convicted Appellant of murder, possessing instruments of crime ("PIC"), and criminal conspiracy in relation to the October 7, 1993 shooting of Aineis Sunn Life after an argument in a Philadelphia delicatessen.  Following a penalty-phase hearing, the jury sentenced Appellant to death.  Our Supreme Court affirmed the judgment of sentence on April 2, 1998.  **See Commonwealth v. Clark**, 710 A.2d 31 (Pa. 1998).

Appellant timely filed a PCRA petition asserting, *inter alia*, that Philadelphia Police Homicide Detective Manuel Santiago coerced a witness, Sherry Taggart, to identify him as the assailant in a photographic array.  **See**

***Commonwealth v. Clark***, 961 A.2d 80, 90 (Pa. 2008) Following an evidentiary hearing, the PCRA court rejected that claim but awarded Appellant a new penalty-phase hearing. Our Supreme Court affirmed the denial of PCRA relief on the guilt-phase claims. ***See Id***. ("Taggart specifically testified that she remembered no coaching by police in connection with the photo array. . . . We conclude there was no error in the PCRA court's credibility-based findings"). Thereafter, the Commonwealth elected to forego a capital sentence, and on August 16, 2011, the trial court imposed life imprisonment for murder and concurrent terms of six to twelve months and three to six years for PIC and criminal conspiracy, respectively. Appellant did not file a direct appeal from his new judgment of sentence.

On March 30, 2018, Appellant filed *pro se* the instant PCRA petition invoking newly-discovered facts concerning alleged misconduct in an unrelated case by Detective Santiago and Detective Frank Jastrzembski, who also assisted in Appellant's murder investigation. Essentially, Appellant pled that he discovered the pertinent allegations of police corruption and prosecutorial misconduct in that unrelated case on February 20, 2018, after reading an article published the preceding day in the Philadelphia Daily News. The article reported on the potential effects of the 2016 exoneration of Anthony Wright and his civil suit against Philadelphia and the eleven police detectives that investigated him. Detective Santiago was identified in the 2018 article and both detectives were named in Mr. Wright's 2016 civil

complaint. The PCRA court initially dismissed the *pro se* petition without a hearing, but this Court vacated that order, appointed counsel, and remanded the matter to the PCRA court for further proceedings. ***Commonwealth v. Clark***, 2762 EDA 2019, Order filed 9/11/20.

On February 1, 2021, with the assistance of counsel, Appellant filed an amended petition that raised a substantive claim asserting that he is entitled to a new trial based upon newly-discovered evidence that Detectives Jastrzembski and Santiago corrupted Mr. Wright's criminal investigation. Re-asserting the merits of his prior unsuccessful claim relating to the alleged coercion of Sherry Taggart, as well as new claims of coercion relating to two other Commonwealth witnesses, Appellant argued that "[t]he prior PCRA court and appellate courts relied on the other witness statements but did not have any of the newly-discover[ed] evidence regarding the corrupt detectives" when it previously rejected his claims. ***See*** Amended PCRA Petition, 2/1/21, at 5-6, 14-15 .

The documents attached to the amended petition included Mr. Wright's 2016 civil complaint, which was laden with various allegations of police corruption in cases unrelated to Appellant's murder conviction, including averments that Detective Santiago invoked his Fifth Amendment right against self-incrimination while testifying in the criminal prosecution of Percy St. George and that Detectives Jastrzembski and Santiago concealed exculpating evidence in a case against Jimmy Dennis. ***See id***. Exhibit B at

22-23. While none of the new facts related directly to Appellant's murder conviction, the amended petition also asserted an unspecified ***Brady***[1] claim, ostensibly based upon the Commonwealth's supposed failure to disclose to him the detectives' alleged corruption in the various unrelated cases. ***Id***. at 6, 10-12. As if an afterthought, the amended petition also asserted, "Based on the pleadings, Petitioner's PCRA Petition is timely filed based upon newly-discovered evidence." ***Id***. at 13.[2]

Following the Commonwealth's response, and proper notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the PCRA petition as both meritless and untimely filed without exception to the PCRA time bar. This timely appeal followed.

The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), but it filed a fourteen-page opinion explaining its decision on the merits. Appellant presents one question for review:

> 1. Did the PCRA court err in dismissing Appellant's PCRA Petition without a hearing because Appellant presented ongoing newly-discovered evidence relating to continued habitual practices of investigative corruption and corruption of the judicial process by Detectives Frank Jastrzembski and Manuel Santiago, detectives that organized the tainted case against Appellant, and these

---

[1] ***Brady v. Maryland***, 373 U.S. 83 (1963).

[2] The amended PCRA petition cites to "Ex. A" in support of proposition that the "newly-discovered evidence" allowed him to circumvent the time-bar. The purported exhibit is not attached to any of the three copies of the amended petition included in the certified record.

nefarious practices were never disclosed to Appellant by the Commonwealth?

Appellant's brief at 4.

We begin with a review of the applicable legal principles.

The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Further, a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings.

*Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up).

"It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (internal quotation marks omitted).

It is well-settled that, "[b]ecause the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition, we must start by examining the timeliness of Appellant's petition." *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014). Indeed, "no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa.Super. 2019). The PCRA provides as follows regarding the time for filing a PCRA petition:

Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, any petition invoking an exception to the one-year time bar "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[3]

Appellant's judgment of sentence became final in 2011, after he declined to appeal the imposition of life imprisonment following re-sentencing. Appellant filed the PCRA petition that is the subject of the instant appeal on March 30, 2018. Hence, it was facially untimely and, therefore, barred unless he pled and proved one of the aforementioned exceptions to the PCRA time requirement.

---

[3] Effective December 24, 2018, for claims arising one year prior to that date, *i.e.*, December 24, 2017, or later the period to file a petition invoking one of the three exceptions to the time-bar was extended from sixty days to one year. 42 Pa.C.S. § 9545(b)(2). As Appellant filed his petition on March 30, 2018. He had one year to invoke the exception.

Appellant's assertions relating to his February 2018 discovery of the alleged corruption of Detectives Jastrzembski and Santiago in the criminal prosecution of Mr. Wright effectively raises the newly-discovered facts exception to the PCRA time-bar. **See** 42 Pa.C.S. § 9545(b)(1)(ii). This timeliness exception "has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." **Commonwealth v. Medina**, 92 A.3d 1210, 1216 (Pa.Super. 2014) (*en banc*) (cleaned up). Due diligence requires a petitioner to both take reasonable steps to protect his interests and explain why he could not have learned of the new evidence earlier. **See Commonwealth v. Brensinger**, 218 A.3d 440, 448-49 (Pa.Super. 2019) (*en banc*).

Appellant's amended petition and appellate brief fashion mostly-substantive, after-discovered evidence arguments supporting his entreaty for a new trial. To the extent that he invokes the newly-discovered fact exception to the time bar, Appellant failed to satisfy either facet of the due diligence element.[4] Namely, he failed to identify the steps he took to protect his

_____

[4] To the extent that the facts contained in Wright's 2016 exoneration and civil suit against Philadelphia were matters of public record, we do not presume then-incarcerated Appellant to have knowledge of that information. **See Commonwealth v. Burton**, 158 A.3d 618, 638 (Pa. 2017) (holding, "the presumption that information which is of public record cannot be deemed "unknown" for purposes of subsection 9545(b)(1)(ii) does not apply to *pro se* prisoner petitioners."). Significantly, however, the Supreme Court's holding

*(Footnote Continued Next Page)*

interests and neglected to provide any explanation as to why he could not have obtained the relevant information relating to the corruption and misconduct of Detectives Jastrzembski and Santiago with the exercise of due diligence. Indeed, the amended petition is completely silent as to Appellant's diligence in searching out evidence of misconduct in the seven years between the 2011 re-sentencing and his serendipitous discovery of the Philadelphia Daily News article in 2018.[5] For the reasons explained, *infra,* this omission is fatal to the claimed exception to the PCRA's time limitation.

---

in **Burton** does not alleviate the concomitant requirement to plead and prove due diligence. **See id** (PCRA Court must still determine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records.").

[5] That is not to say that Appellant was unaware of Detective Santiago's involvement in his case. As noted in the body of this memorandum, in 2008, our High Court affirmed the PCRA court's decision to reject Appellant's prior assertion that Detective Santiago coerced the testimony of various witnesses. Indeed, Appellant's instant assertions argue, *inter alia*, that the new-found facts bolster his prior allegations of corruption. **See** Amended PCRA Petition, 2/1/21, at 5-6; Appellant's brief at 11, 22-23 ("Prior PCRA court and appellate courts relied on the other witness statements and detective testimony but did not have any of the newly-discover[ed] evidence regarding the corrupt detectives."). As the merits of the prior allegations of misconduct have been previously litigated, they are not cognizable herein. **See** 42 Pa.C.S. § 9544(a)(3). Moreover, regardless of Appellant's old assertions against detective Santiago, the amended petition that is the genesis of the instant appeal, fails to explain why Appellant could not have learned the **new** facts implicating Detectives Jastrzembski and Santiago earlier through the exercise of due diligence.

In ***Commonwealth v. Fennell***, 180 A.3d 778, 782 (Pa.Super. 2018), this Court discussed the due diligence prong of the newly-discovered-fact exception as follows:

> Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. **A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.** Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

***Commonwealth v. Fennell***, 180 A.3d 778, 782 (Pa.Super. 2018) (emphasis in original). ***See also Brensinger***, ***supra*** (stating, due diligence requires petitioner to both take reasonable steps to protect his interests and explain why he could not have learned of new evidence earlier.).

Hence, under the strict interpretation of § 9545(b)(1)(ii) promulgated by our precedent, it was incumbent upon Appellant to plead that he exercised reasonable diligence in pursuit of salient information implicating the detectives. While Appellant asserts that he filed the instant petition upon learning of the Philadelphia Daily News article discussing Mr. Wright's exoneration and civil suit against Philadelphia, he failed to present any argument that either states the reasonable steps that he took to protect his own interests or explained why he could not have learned of the new facts earlier. Hence, the exception fails. ***See*** 42 Pa.C.S. § 9545(b)(1)(ii), ***Commonwealth v. Porter***, 35 A.3d 4, 21-22 (Pa. 2012) (finding ***Brady***

allegation raised in serial PCRA petition was untimely and not subject to § 9545(b)(1)(ii) where the petitioner "offered no explanation of why, with the exercise of due diligence, the information . . . could not have been discovered" in years-long gap between conviction and revelation).

Accordingly, having concluded that the present appeal arises from an untimely filed PCRA petition and that no exceptions to the statutory time bar apply, we affirm the order dismissing the petition without a hearing.[6]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2023

_____

[6] As noted, the PCRA court dismissed the PCRA petition based upon both untimeliness and a lack of merit. However, the PCRA court's Rule 1925(a) opinion stated the petition was timely pursuant to the newly-discovered fact exception and denied relief on the merits. As noted in the body of this memorandum, the certified record does not support the PCRA court's *volte-face*. As such, we affirm the court's dismissal on the basis of untimeliness. **See**, **e.g.**, **Commonwealth v. Prater**, 256 A.3d 1274, 1285 (Pa.Super. 2021) ("Although the PCRA court did not deny relief for this reason, we may affirm its ruling for any reason supported by the record.").